Neil McFadden & others *vs.* John J. Murphy & others.

Bristol.    October 24, 1888. — June 18, 1889.

Present: Morton, C. J., Devens, W. Allen, C. Allen, & Knowlton, JJ.

*Equity Pleading and Practice — Parties — Voluntary Association — Dissolution — Rights of Minority.*

A charitable voluntary association was formed to raise a fund to maintain sick and infirm members, and subsequently, by special statute, certain members named therein and their associates were incorporated to provide and maintain a building for its use, and for any other lawful purpose. The association voted to accept the charter, and assumed in some respects to be a corporation, yet continued to act as a voluntary association under its constitution. *Held,* that the association was not dissolved by the act of incorporation, or by any action of itself or of members with reference thereto.

The association formed a division of a national society, which prescribed and could alone change its constitution. An opposition national society was formed, and adopted an organization and constitution, which, while similar in their main features, differed in material respects from those of the old society. A large majority of the members of the association favored the new society and adopted its constitution, and attempted, in opposition to the minority, to take over to it the division as an organized body, and, claiming to be the original association, took possession of its property and maintained and carried on an organization as a division of the new society. The minority, who formed a quorum, thereupon proceeded to elect officers in place of those who had joined the new division, and continued to act as a division under the old constitution, and to maintain fraternal relations with the old national society. *Held,* that the majority ceased to be members of the old society; and that the old division was not dissolved, but continued to exist and was entitled to such property.

Bill in equity, filed in the Superior Court on October 6, 1885, to recover personal property alleged to belong to Division No. 1 of the Ancient Order of Hibernians, in Bristol County, Massachusetts. The case was heard before *Thompson,* J., who

made a report of facts found by him, and of his conclusions therefrom, and ordered the bill to be dismissed; and the plaintiffs appealed to this court. The material facts appear in the opinion.

*J. M. Morton*, for the plaintiffs.

*T. M. Stetson*, (*H. K. Braley & T. F. McDonough* with him,) for the defendants.

W. ALLEN, J. The plaintiffs are the officers of a voluntary association, and bring this bill in behalf of themselves and all the other members of the association. The defendants are sued as officers of another similar association, and as representing all its members. The members of the societies are numerous, and the objection that they are not all made parties has not been pressed, and it is found that they are all represented.

The plaintiffs contend that they and those they represent constitute an association, which was formed in the year 1872, under the name of Division No. 1, Ancient Order of Hibernians, Bristol County, Massachusetts. One answer of the defendants is that the association became incorporated under the St. of 1874, c. 104, and was thus dissolved as a voluntary association. That act incorporated three individuals named, and their associates, under the name of the Ancient Order of Hibernians in Fall River, for the purpose of providing and maintaining a building in Fall River for the use of said order, and for any other lawful purpose. The purpose of the association was to raise a fund to maintain sick and infirm members. So far as the corporation had any connection with the association, it was in aid of and not a substitute for it, and the merger of the association in it, or the extinction of the association by it, would defeat the very object of its creation. The funds of the corporation could be devoted only to a building, and not to the support of its members or others. It is obvious that the association as a body had no authority to accept the charter and organize a corporation under it, or to merge itself in a corporation organized under it. Such action would be in violation of its constitution and of the rights of its members, and was not warranted by the act of incorporation. It is found that, although it voted to accept the charter, and in some respects assumed to be a corporation, yet it did in fact continue to act as a voluntary association under its constitu-

tion, and not as a corporation under the charter. It was not dissolved by the act of incorporation, or by any action of the association itself, or of its members in reference to the act.

In the year 1885 a breach arose among the members of the association, and two distinct organizations have since then been maintained, which are represented respectively by the plaintiffs and the defendants, and each of which claims to be the original association. The association was a division in a national society, which included national, state, county, and divisional organizations, and members of the divisions were members of the national society. The constitution was prescribed and could be changed only by the national organization. In that year a new national society was formed in opposition to the old one, and adopted an organization and constitution similar in its main features, but differing in material respects from it. A large majority of the members of the division favored the new society, and adopted its constitution and carried on an organization as a division under it, which is the one that the defendants represent. They attempted, against the opposition of the minority, to carry the association, as an organized body, from the old society and constitution to the new. It is plain that they had no authority to do this. The constitution was the compact which gave rights to individual members, and was the source and limit of the power of the association over its members. The majority could not by vote annul or change it. Any vote imposing upon the minority new obligations as a condition of membership, or changing the rights given to members by the constitution, or transferring their membership from the old national society to the new one, would be merely void. The new division could be organized only by individuals becoming members of it according to the new constitution, and when they became members of it they joined a different association from the old division, even though they carried with them its property, and adopted its officers and organization. Whether they could or could not be members of both at the same time, they could not by becoming members of the new one make that identical with the old one.

The next question is, whether the plaintiffs represent the association which existed before 1885. The defendants contend

that the old division was dissolved. The judge who reported the case finds the facts, and reports, as a conclusion from the facts found, that the minority acted in a manner not provided for and against established rules of the society, and that their action was illegal and their alleged reorganization was illegal, and that the division was dissolved and did not exist at the time of the filing of the plaintiff's bill. The facts reported from which these conclusions are drawn are, that when a large majority of the members and all the officers except the treasurer, having taken the obligation prescribed by the new constitution and acting as a division under it, but claiming to be the original division, excluded the minority from taking part in their proceedings, the minority proceeded to elect officers in place of those who had joined the new division, and continued to act as a division under the old constitution. The division as thus constituted by the minority, the plaintiffs and their associates, has since, as before, maintained its relations with, and been recognized by, the national society of which the division was originally a part. It was not illegal or irregular for the minority, being a quorum, to attend and act at meetings of the association in the absence of the majority. The meetings held by the majority under their new constitution were not meetings of the old association; the meetings that the minority attended were held under the old constitution, and there is no intimation that they were not duly and formally called and conducted. If the majority who formed the new association ceased to be members of the old one, no fact is found from which any illegality or irregularity in the proceedings of the minority can be inferred. If the majority continued to be members of the old division, they voluntarily refrained from acting as members or officers, and were not deprived by the minority of their rights as such. We do not find any action of the minority that seems to be irregular, unless in choosing officers to fill vacancies. If no vacancies existed, this action was irregular. The constitution and by-laws provide that the officers shall be chosen annually, and that if an officer is absent from a meeting an officer *pro tem* shall be chosen to fill his place. When an officer is absent from a meeting, and it is apparent that he will attend no meeting and do no act as an officer during his term, an officer chosen to take

his place for his unexpired term, and acting in the office, will serve to keep the organization from dissolution for want of such officer until the next regular election.

But we are of the opinion that the majority ceased to be members of the association, and that the proceedings of the minority who remained members were, so far as they appear, regular. By the constitution, members of divisions were members of the national society, and a member withdrawing from the national society ceased to be a member of his division, and any member whose dues were all paid could withdraw from the society by giving written or oral notice of his intention to do so. The purpose of the majority of the division, and of the division itself while the majority acted as members, to withdraw from the old society when they joined the new one, is obvious. Whatever was done by individuals, or by the division, with a view of joining the new national society, was with the intention of withdrawing from the old one. The individuals of the majority joined the new society and constituted a division within it, and, so far as their action could do it, withdrew from the old society and division. The report does not state the particular votes or acts of the association in relation to the change. But it does appear that the action of the majority was with the knowledge and assent of the association. We think this was sufficient notice of intention to withdraw from the society by the members of the majority, so that when they joined the new society, and constituted and acted as a division under its constitution, they ceased to be members of the society and division under the old constitution.

If it is said that the action of the majority will be construed to be a dissolution of the original division, it is a sufficient answer that its by-laws provide that it shall not be dissolved while fifteen members are in favor of its continuance. Without considering whether that action will bear, or the rights of the minority permit, such a construction, we think that the association organized as Division No. 1 in the year 1872 has not been dissolved, and that the plaintiffs and their associates constitute that association.

This suit is brought to recover the possession of personal property which belonged to the association, and which was taken

by the majority and claimed to belong to their new association. Under the constitution, each division is, in respect to raising and disbursing money, and to the ownership of property, an independent organization. The property belongs to the division, and the right to dispose of it is in the division, regulated and limited by provisions of the constitution which relate to the conduct of divisions within themselves. The right to the possession of the property in question was in the original association, and continues in it, unless by its action or the action of its members the right has been transferred to the new association. The property was held under the constitution for the use of the association and its members, and the majority could not transfer it with themselves to another association without violating the trusts upon which it was held and the rights of the minority who remained members. The association had no right or power to transfer its property to another organization; and it does not appear that it attempted to do so by any vote or action of the division. The property which belonged to the division at the time of the separation of the majority from it remains its property, and the plaintiffs and those they represent, constituting the original association, are entitled to the possession of its property.      *Decree for the plaintiffs.*