DANIEL J. KANE & others *vs.* JAMES B. SHIELDS & others.

Hampden.    September 23, 1896. — January 11, 1897.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Equity Practice — Decree — Appeal — Report — Voluntary Association —
Validity of Vote appropriating Money to Seceding Members.*

If, in a suit in equity, the evidence is taken and the case reported to this court at the request of the defendants, against some of whom a decree is entered, and as to the others the bill is dismissed, it is not open to the plaintiff, who has not appealed therefrom, to contend that the decree should be modified so as to include among those held liable some of the defendants as to whom the bill was dismissed.

A voluntary association cannot, by a vote of a majority of its members voting on the question, lawfully authorize its officers to pay out of the funds of the association to certain members who are permitted to secede from it and set up another and a different organization their proportionate share of the property of the association, in the absence of any provision in the constitution and by-laws of the association authorizing such an appropriation of its property, the association not being dissolved by the vote, but continuing to exist the same as before.

BILL IN EQUITY, filed in the Superior Court on December 29, 1894, in behalf of the plaintiffs and of all the members of Court Abraham Lincoln, No. 6525, Ancient Order of Foresters of America, against James B. Shields, William Wrightmeyer, Peter Carnochan, Charles Busher, William G. Ryan, and Paul H. Sheehan, and the following as officers of Court Campofontis, Ancient Order of Foresters of America, namely, A. James, William Wrightmeyer, Charles Busher, J. F. Bowler, George Hunter, Peter Green, S. Verespie, J. F. O'Brien, C. Ollendeck, and A. J. Flanagan ; and alleging the following facts.

The plaintiffs are the officers of a voluntary association existing in Springfield, known as Court Abraham Lincoln, No. 6525, Ancient Order of Foresters of America, which is a subordinate

court, working under the jurisdiction of the Grand Court of
Massachusetts, and both that court and the Grand Court are
subject to the constitution and general laws of the Ancient
Order of Foresters of America.

The defendants are persons who, at the time of the actions
hereinafter mentioned, or immediately prior thereto, were mem-
bers of Court Abraham Lincoln.

At a meeting of that court, held on March 2, 1893, it was
voted, twenty-eight voting in the affirmative and seven in the
negative, " that the two opposite parties or factions in the court
separate, one to assume the name and number of the court, the
other a new name, each to receive *per capita* their share of the
funds when all bills are paid after quarterly night."

At another meeting, held on April 6, 1893, the defendants,
together with other members of the court, to the number of
sixty-five in all, resigned and seceded from the court, and re-
ceived an honorable discharge by a vote passed at that meeting.

At the time of their resignation and secession, the following
named defendants held offices in the court: James B. Shields,
past chief ranger ; William Wrightmeyer, financial secretary ;
Charles Busher, treasurer ; William G. Ryan and Paul H. Shee-
han, trustees.

According to the constitution and by-laws of the court, when
money was to be appropriated from the funds of the court, the
method of procedure was as follows. The chief ranger and
financial secretary drew an order, which was signed by both of
them, and sealed with the seal of the court, upon the treasurer,
who thereupon paid the money. If the treasurer had not suffi-
cient funds in his hands, and had to draw from the bank deposit
of the court, then an order was drawn upon the bank where the
money was deposited, signed by the financial secretary, the treas-
urer, and by at least two of the three trustees, upon which the
bank paid the money to the persons presenting the order.

Under date of April 4, 1893, Shields and Wrightmeyer drew
an order upon Busher, as treasurer of the court, for the sum of
$380.25, Shields signing himself as chief ranger.

On April 7, 1893, Wrightmeyer drew an order for $116.18 on
the Five Cents Savings Bank of Springfield, where the money of
the court was deposited.

The defendants Ryan and Sheehan signed such order on the bank as trustees; the defendant Busher signed as treasurer, and the defendants Wrightmeyer, Sheehan, Ryan, and Busher received the money from the bank.

The defendant Busher then, and since his resignation, secession, and discharge from the court, has wholly failed and refused to turn over to his successor, as treasurer of the court, the further sum of $264.07.

The above named sums, so drawn and held, were paid by the persons so drawing and holding them into the treasury of a certain other voluntary association, known as Court Campofontis, Ancient Order of Foresters of America, of which all but four of the defendants are officers.

The bill further alleged that the proceedings whereby the money was drawn from the bank and not turned over were wholly illegal, irregular, and unconstitutional; and prayed that the defendants be decreed to pay to the plaintiffs, " in behalf of the said voluntary association," the sum of $380.25, together with interest from September 21, 1893, and for further relief.

The material portions of the constitution and by-laws of the association, annexed to the bill, were as follows:

" This court shall divide its funds arising from dues and initiation fees into three portions, and shall be sixty per cent as sick and funeral fund, and thirty-five per cent as management fund, and five per cent as benevolent fund. . . .

" In the event of a vacancy in the office of chief ranger, treasurer, or financial secretary of this court, an election can only be held upon a summoned meeting.

" Any member who shall have filled the office of chief ranger, or the last four months of any term as chief ranger, shall be entitled to the honors of a past chief ranger, but a past chief ranger shall not be considered an officer of the court. . . .

" The chief ranger shall preside at all meetings of the court and its arbitration committee; . . . he shall sign all drafts for the payment of money, and all documents required to be signed by him, pursuant to law.

" The treasurer shall take charge of the funds of the court, pay all drafts properly drawn and presented to him for payment; he shall deposit the funds in such manner as the court

by-laws may provide; the chief ranger and trustees shall have supervision over such deposits.

"The financial secretary shall receive all moneys in behalf of the court and endowment fund, and enter the same in a book provided for that purpose, and receipt for the moneys so paid; he shall at the end of each meeting pay over all moneys to the treasurer, taking a receipt therefor in a book provided for that purpose. . . . He shall draw and sign all drafts for the payment of money, and affix the seal thereto. . . .

"The trustees (neither of whom shall hold any other office in the court) shall have general supervision over the funds and property of the court. They shall, together with the chief ranger, financial secretary, and treasurer, invest the funds of the court in such bank or banks as the court may determine."

At the hearing, before *Dewey*, J., at the request of the defendants, a commissioner was appointed to take the evidence; and the judge found the following facts.

The voluntary association known as Court Abraham Lincoln, No. 6525, Ancient Order of Foresters of America, has been and still is in existence. The defendants Shields, Wrightmeyer, Busher, Sheehan, and Ryan being then or theretofore members of the association, in pursuance of a common purpose, in effecting which they all took part, have wrongfully, without right or authority therefor, taken, disposed of, and misappropriated funds and moneys belonging to the association, to the amount of $380.25, less $21.50 returned. This money was paid to and received by the members who seceded or withdrew, as and for their *pro rata* share of the funds of the association, and without any fraudulent intention, and under a claim of right. The plaintiffs are members of the association, and bring this bill in behalf of themselves and of all the members of the association, and they are entitled to recover from Shields, Wrightmeyer, Busher, Sheehan, and Ryan the sum of $358.75, with interest on the same from December 29, 1894, making in all the sum of $389.54, together with costs of suit, taxed as in an action at law, and as to the other defendants the bill is to be dismissed without costs; and a decree was entered accordingly. The report concluded as follows: "At the request of the defendants, I report this case for the determination of the Supreme Judicial

Court, such disposition to be made thereof as to the court shall seem proper."

D. E. Leary, for the defendants.

W. H. McClintock, for the plaintiffs.

FIELD, C. J. This case was heard by a justice of the Superior Court upon the pleadings and evidence, and a decree entered for the plaintiffs against some of the defendants, and the bill dismissed without costs as to the other defendants. The evidence was taken by a commissioner appointed by the court at the request of the defendants.

The plaintiffs' counsel contends that the decree should be affirmed against the defendants held liable by the Superior Court, and also that it should be modified so as to include among those held liable some of the defendants as to whom the bill was ordered to be dismissed. We are of opinion that this last contention is not open to the plaintiffs. The plaintiffs have not appealed from the decree, and it does not appear that they asked to have the case reported. It appears that the evidence was taken and the case reported at the request of the defendants. Although it does not appear that the defendants have in form appealed from the decree, yet we think that the case as reported should be treated as if the defendants had appealed and the plaintiffs had not. *Moors* v. *Washburn*, 159 Mass. 172, 176.

The principal question in the case is whether such an association as is described in the bill and shown by the evidence can, by a vote of a majority of its members voting on the question, lawfully authorize its officers to pay out of the money and funds of the association to certain members who are permitted to secede from it and set up another and a different organization, their *pro rata* share of the property of the association. The constitution and by-laws of the association put in evidence contain no provisions which seem to us to authorize such an appropriation of the property of the association. The association was not dissolved by the vote, but continued to exist the same as before. The case on the evidence falls within the decision in *McFadden* v. *Murphy*, 149 Mass. 341. See *Altmann* v. *Benz*, 12 C. E. Green, 331.

We are of opinion that the decree should be affirmed.

*So ordered.*