[L. A. No. 1042.   Department Two.—November 18, 1902.]

## H. W. STRONG et al., Appellants, v. LOS NIETOS AND RANCHITO WALNUT GROWERS' ASSOCIATION et al., Respondents.

UNINCORPORATED ASSOCIATION — INCORPORATION BY MAJORITY — WITH-DRAWAL—ABANDONMENT OF RIGHTS—BURDEN OF PROOF—FINDING.— In an action by members of an unincorporated association to exclude from its property rights a majority of its members who had formed an incorporation under the same name, and had used the books, personal property, and trade-mark of the association, and to enjoin such use, and to compel an accounting, the burden of proof is upon the plaintiffs to show that the defendants had withdrawn from the association and abandoned their property rights under its articles. In the absence of such proof, a finding against such withdrawal and abandonment is sustained.

ID.—QUESTION OF FACT—INTENTION OF PARTIES.—The question whether the incorporating members withdrew from the association and abandoned their rights and interests therein is a question of fact, depending largely upon the intention of the parties. They could

not withdraw therefrom without giving up all their interest in its property; and the course pursued by them indicated an intention not to abandon such interest.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial. Walter Van Dyke, Judge.

The facts are stated in the opinion.

J. S. Chapman, for Appellants.

S. M. White, James C. Rivers, and A. W. Hutton, for Respondents.

GRAY, C.—In 1887 the walnut-growers of a certain section of Los Angeles County, consisting of more than a hundred persons, and including some four of the plaintiffs herein, entered into written articles of association for the purpose of disposing of the walnuts grown by the individual members. The articles prescribed the time of the existence of said association as ten years from and after the first Tuesday in June, 1893. The association was not incorporated, but under its articles the defendants H. L. Montgomery, T. L. Gooch, and A. Dorman were elected directors, and continued to act as such, Dorman being president, Montgomery vice-president, and Gooch treasurer, until March, 1896, when these directors, together with upwards of a hundred other persons belonging to the association, attempted to dissolve the same by incorporating under the act of 1895, entitled "An act to provide for incorporation, operation, and management of co-operative associations." (Stats. 1895, p. 221.) They did incorporate under this act in March, 1896, and adopted the name of the old association as the name of the new corporation, and took with them into the new concern the books and other personal property of the old association, and also continued to use the same trade-mark as had been used before the incorporation. Four of the old association refused to join in the incorporation, but have treated the members of the corporation as having withdrawn from the original concern, and have added four new members to their number, have elected new officers, and now these eight members, claiming to represent the old association, bring this action in its name, making the corporation and Gooch, Montgomery, and Dorman defend-

ants, and praying that the individuals named as defendants be compelled to account to plaintiffs for all profits and advantages accruing to the former in the management of the affairs of the association plaintiff, and that they account for and deliver up to plaintiffs all property of the association or its value; that defendants be enjoined from using the said trade-mark or interfering with the business of plaintiffs, and for damages in the sum of $7,500.   Upon a trial the defendants obtained judgment, and this appeal is by plaintiffs from an order denying them a new trial.   There is no appeal now before us from the judgment, and consequently we must ignore all those questions argued in the briefs, which can be disposed of only on appeal from the judgment.

In the complaint it is alleged that "said incorporation was formed by, and includes within it, a large number of those who were formerly members of the old Los Nietos and Ranchito Walnut Growers' Association, *but who withdrew therefrom* and organized the said corporation."   The withdrawal is denied by defendants, and the finding is adverse to plaintiffs on the issue thus made.   It is distinctly found that "none of the parties hereto who were members of said old association withdrew therefrom."   The materiality of this finding seems to be conceded by appellants; and it may well be conceded, for if the defendants have not withdrawn from the old association they are still members thereof, and still have an interest in the property now in their possession and from which plaintiffs seek by this action to entirely exclude them.   If plaintiffs were to get what they are asking for, the result would be that the defendants would have no further interest or property in the old association, and would be entirely excluded therefrom.   The burden was upon plaintiffs to establish this withdrawal upon the part of defendants, and we think the evidence fails to show a withdrawal, and that the finding that they did not withdraw is therefore correct.   It is admitted by the plaintiffs "that on the part of the persons forming this incorporation, there was no formal withdrawal from the old association made, except such as resulted from the act of incorporation."   Whether defendants withdrew from the old association is a question of fact, and depends largely for its solution upon the intention of the parties.   They could not withdraw from the association with-

CXXXVII. Cal.—39

out giving up all their interest therein and yielding all their right to the property thereof. That they did not intend to yield any of their property rights is manifested by the fact that they took with them into the incorporation everything of value that belonged to the association. How can we say that they intended to abandon that to which they cling with so much tenacity? What they intended to do was not to withdraw from the old association, but to destroy and obliterate it, and erect the incorporation upon the place where it formerly stood. Perhaps they failed in their efforts, but that is no reason for excluding them from valuable property rights which they have shown no disposition to abandon. There was nothing shown at the trial which would constitute a withdrawal under the contract by which the parties associated themselves together; the facts presented would not constitute a withdrawal under any law or by analogy to any law that has been called to our attention; nor do the facts naturally lead the mind to infer an intention to withdraw from the association. An intention to do one thing does not necessarily carry with it an intention to do another thing differing entirely in its results from the thing intended to be done.

The whole theory of plaintiffs' case seems to be based upon this proposition of withdrawal from the old association, and consequent abandonment and loss of all right in the property and business thereof, and the finding against them on this question being upheld, it matters not whether the other findings are correct or not, they cannot recover. A decision that the old association was not a partnership—a question much discussed in the brief of counsel—would not affect the vital question of their present interest in the property and affairs of the old concern. If they are still members of the old association, whether it be a firm, partnership, or just a plain joint association, they cannot be deprived of their rights in the property thereof.

We advise that the order denying a new trial be affirmed.

Smith, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the order denying a new trial is affirmed.

McFarland, J., Henshaw, J., Temple, J.