FRANCESCO MESISCO *vs.* FELICE GIULIANO & others & trustee.

Hampden.    December 15, 1905. — February 27, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Equity Jurisdiction.  Equity Pleading and Practice.  Voluntary Association.*

A suit in equity may be maintained to compel the reinstatement of the plaintiff as a member of a voluntary association from which he wrongfully has been expelled.

A bill in equity praying for the reinstatement of the plaintiff as a member of a voluntary association, from which it is alleged that he wrongfully has been expelled, and also praying that the defendants may be ordered to pay to the plaintiff the amount of his sick benefits and the amount of expenses which he has incurred for medical attendance, is bad on demurrer for multifariousness.

BILL IN EQUITY, begun by writ dated August 10, 1904, alleg-ing that the plaintiff was admitted as a member of an association founded by the plaintiff and the defendants called the Congre-gation of the Most Holy Lady of Mount Carmel, and that there-after the defendants wrongfully expelled the plaintiff from that association, that the plaintiff was taken sick and rendered unable to work for a period of five weeks and that during his sickness the plaintiff expended large sums of money in employing a phy-sician to attend him, and that under the constitution and by-laws of the association sick benefits were due to the plaintiff, praying, 1, for an order to the defendants directing that the plaintiff be reinstated as a member of the association, 2, that the defendants be ordered to pay the sick benefits to the plaintiff as provided by the constitution and by-laws, 3, that the defendants be or-dered to pay the plaintiff what he has expended for medical attendance rendered necessary by the neglect or refusal of the association to provide medical attendance as provided by the constitution and by-laws, and, 4, for further relief.

The defendants demurred to the bill, alleging seven causes of demurrer, of which the first three, being those considered by the court, were as follows : 1. The plaintiff has not stated such a case as entitles him to any relief in equity against these defend-ants or any of them. 2. The plaintiff has a plain, adequate and complete remedy at law. 3. The amended bill is multifarious, in that distinct matters and different causes of action are joined therein which cannot properly be tried together.

The Superior Court sustained the demurrer and ordered that the bill be dismissed. The plaintiff appealed.

*J. McKean,* for the plaintiff.

*J. L. Doherty & W. G. Brownson,* for the defendants.

SHELDON, J. The defendants have demurred to the plaintiff's bill for lack of equity, because the plaintiff has a plain and ade-quate remedy at law, because the bill is multifarious and for other reasons.

1. We are of opinion that the court has jurisdiction in equity of a bill to compel the reinstatement of the plaintiff into the vol-untary association from which he alleges that he has been wrong-fully expelled. If this association were an incorporated body, his remedy might well be by mandamus, as in *Spilman* v. *Home*

*Circle*, 157 Mass. 128. But courts of equity always have been accustomed, after such remedies as appear to be available within the society have been exhausted, to assume jurisdiction over mere voluntary associations, to protect the property rights of members who have been disfranchised or expelled in violation of the constitution or by-laws. See the cases cited in 9 Am. & Eng. Encyc. of Law, (2d ed.) 502.

2. Nor has the plaintiff an adequate remedy at law. Even if he could maintain an action for the amount of his sick benefits, a court of law could not restore to him the membership of which he has been deprived.

3. But we think that the bill is multifarious. The plaintiff seeks first to be restored to membership in the association, and then to have the defendants ordered to pay him the amount of his sick benefits and of the expense which he has incurred for medical attendance. But his right to recover these pecuniary damages may not be settled by the determination of his right to membership in the association. His rights to these two remedies are separate and distinct rights, depending upon different facts, and to be enforced by different means. For the first, he has the right to come into equity; for the second, his remedy is at law. It may turn out that he is entitled to one remedy and not to the other. *Davis* v. *Peabody*, 170 Mass. 397. *Sylvester* v. *Boyd*, 166 Mass. 445.

4. The other causes of demurrer do not require consideration.

Accordingly the decree of the Superior Court sustaining the demurrer must be affirmed; and the bill must be dismissed unless the plaintiff shall obtain leave in that court so to amend his bill as to cure the objection of multifariousness.

*So ordered.*