JOHN HILL & others *vs.* RAUHAN AARRE & others.

Worcester.   November 11, 1908. — January 6, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Voluntary Association.*

The power of a majority of the members of a voluntary unincorporated society to control the rights or the action of the minority of the members is derived from and is dependent upon the provisions of the constitution and by-laws of the society.

A voluntary unincorporated society had in its by-laws the following provision: "If several motions are made regarding the same question and no unanimous decision can be obtained, said question will be voted on, and the wish of the majority shall prevail, except in the purchase or the sale of real estate, in which case two thirds majority must be the settling vote." The society owned an interest in certain real estate. At a meeting of its members, a majority of the members present voted to enter into union with another society, and at a subsequent meeting, by more than a two thirds vote, voted to transfer the society's real estate to such other organization. A minority voted against both propositions and brought a bill in equity to enjoin the carrying out of the votes. The case was referred to a master, in whose report there was no finding as to the purpose for which the plaintiff's society was organized. *Held,* that, in the absence of any statement as to the purpose for which the society was organized, the by-law above quoted did not authorize the action of the majority of the members objected to by the plaintiffs.

BILL IN EQUITY, filed in the Superior Court for the county of Worcester on February 1, 1906, seeking a conveyance by the defendant corporation, Rauhan Aarre, to the plaintiffs or to some

persons as trustees for the Young People's Society Wainala of a one third interest in certain property the record title to which was held by that corporation under an agreement with the Young People's Society Wainala to convey to it such one third interest.

The case was referred to a master. After a hearing on his report, *Sanderson,* J., made a final decree directing that the conveyance prayed for be made; and the defendants appealed. The facts are stated in the opinion.

The case was submitted on briefs.

*G. R. Warfield & D. I. Walsh,* for the defendants.

*J. A. Stiles & J. P. Carney,* for the plaintiffs.

HAMMOND, J. The parties, having waived certain questions arising under the pleadings, have agreed that the sole question to be submitted to the court is " whether on the facts found by the master (subject to the preceding waiver) the vote of May 5, 1905, by which the Young People's Society Wainala voted to join the Workingmen's Society Imatri No. 3 and succeeding votes were effective and operative against the objecting minority to combine said societies and to transfer said property described in the bill or the right to the said property to the said Workingmen's Society Imatri No. 3." And it is agreed that, if the question be decided in the affirmative, the bill shall be dismissed; if in the negative, then a decree is to issue for the conveyance of the property to a trustee for the benefit of the Young People's Society Wainala.

The property in dispute consists mainly of an equitable interest in a certain undivided part of real estate paid for by the society, the legal title to the whole of which stands in the defendant, Rauhan Aarre, a corporation established under the laws of this State. The Wainala was an unincorporated society, and the power of the majority to control the rights of the minority, or the action of the minority, was determined by the constitution and by-laws. *McFadden* v. *Murphy,* 149 Mass. 341. *Kane* v. *Shields,* 167 Mass. 392. In any case not thus provided for no action could be taken binding all unless assented to by all.

The votes in question provided in substance that the society Wainala should be annexed to the Workingmen's Society and

the property of the former should be transferred to the latter. The purpose for which the Wainala was organized does not clearly appear in the record, nor are its laws set forth as a whole. So far as appears by the record, the defendants rely upon the following, to wit: " If several motions are made regarding the same question and no unanimous decision can be obtained, said question will be voted on, and the wish of the majority shall prevail, except in the purchase or the sale of real estate, in which case two thirds majority must be the settling vote. Votes can be cast in any way which may seem best for the occasion." But, in the absence of any statement as to the purpose for which the society was organized, this by-law cannot be held to authorize by a majority vote the transfer of the members of the society bodily to another society, to the extinguishment of the former society, especially when, as in the present case, a considerable minority of the old society seeks to maintain its existence. Much less can the property be transferred by such a proceeding.*

The case is settled by the principle laid down in the cases cited above, and the following language of the court in *McFadden* v. *Murphy*, the first of them, is peculiarly appropriate to the present case : " The right to the possession of the property in question was in the original association, and continues in it, unless by its action or the action of its members the right has been transferred to the new association. The property was held under the constitution for the use of the association and its members, and the majority could not transfer it with themselves to another association without violating the trusts upon which it was held and the rights of the minority who remained members."

*Decree for the plaintiffs.*

---

* It would seem from the master's report that the vote of the Wainala to transfer itself to the Workingmen's Society was passed by a vote of twenty-two to fourteen ; and that the vote to transfer the real estate was passed at a subsequent meeting by a vote of twenty-three to three.