CHARLES HANSON & others *vs.* FRANK W. MAYERS & others.

Worcester.　September 25, 1922. — October 18, 1922.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Voluntary Association. Fraternal Beneficiary Association. Equity Jurisdiction,*
To require recognition as member of voluntary association. *Equity Plead-
ing and Practice,* Decree, Agreed statement of facts.

In a suit in equity by former permanent members of the fire department of a city
against officers and members of a voluntary association, known as a relief
association, seeking a decree requiring the defendants to recognize the plaintiffs
as members of the association, the following facts appeared: the plaintiffs,
while permanent members of the department, had become members of the
association, which never had adopted a constitution, but whose by-laws then
provided that they might "retain their membership" while they complied with
the by-laws. Thereafter they ceased to be members of the department but
continued members of the association. In 1919, a vote was passed, the plaintiffs
voting in the negative, purporting to amend the by-laws so that a person leaving
the department should cease to be a member of the association. The vote was
declared by the presiding officer to be illegal and void, and thereafter the plain-
tiffs were permitted to exert all their privileges as members of the association
and their dues were accepted to June, 1919. On May 12, 1919, the defendants
decided that the plaintiffs had ceased to be members of the association, and
required them to leave a meeting, which they did under protest; after their
departure, the defendants voted to adopt amendments to the by-laws in effect
taking from the plaintiffs the right to benefits and to deprive them, as having
ceased to be members of the fire department, of membership in the association.
The plaintiffs protested in writing, tendered their dues for the next year and in
every way sought to assert their rights. The defendants refused to recognize
them as members. The association had funds amounting to $19,000, accu-
mulated from dues of members, including the plaintiffs, and from contributions
from citizens. *Held,* that

(1) As the plaintiffs were members of the organization on May 12, 1919,
the vote of the majority excluding them and depriving them of their membership
was in violation of the by-laws and of the plaintiffs' rights;

(2) The plaintiffs contributed to the resources of the association and they
had a property right in its funds and in the sick and death benefits of the or-
ganization;

(3) As the plaintiffs had exhausted all the remedies within the association,
the court of equity had jurisdiction of the suit;

(4) The fact that the officers of the association had failed to comply with
the requirements of R. L. c. 119, did not preclude the plaintiffs from the relief
sought, it appearing that the plaintiffs were innocent of any wrongdoing and
had no knowledge that the affairs of the association were conducted in violation
of law.

Relief prayed for in a bill in equity, predicated on allegations in the bill which are denied in the answer, will not be given when the suit is heard upon an agreed statement of facts which does not include the facts which are alleged as the basis for such relief.

BILL IN EQUITY, filed in the Superior Court on August 12, 1919, by seventeen former permanent members of the Worcester Fire Department against officers and certain members of the Worcester Permanent Firemen's Relief Association, a voluntary association, "together with divers other persons to the plaintiffs unknown, officers and members of said association too numerous to mention," seeking to require recognition of the plaintiffs as members of the association, to have votes on certain amendments to the by-laws declared void and to enjoin the defendants from an alleged contemplated dissolution of the association.

In the Superior Court, the suit was reserved and reported by *Sanderson,* J., for determination by this court upon the pleadings and an agreed statement of facts.

*J. Clark, Jr., (J. A. Crotty* with him,) for the plaintiffs.

*J. H. Meagher, E. Zaeder & J. L. Bianchi,* for the defendants, submitted a brief.

CARROLL, J. The plaintiffs were duly admitted and qualified members of the Worcester Permanent Firemen's Relief Association, a voluntary organization. The by-laws of this association provided that members of the fire alarm and telegraph, the protective, and fire departments of the city of Worcester who have been such for three months and who are not over thirty-eight years of age should be eligible for membership in the association "and they may retain their membership while they comply with these by-laws." In March, 1918, it was proposed to amend the by-laws by substituting a provision that "a person leaving the Fire Department shall cease to be a member of this association." All the plaintiffs who were then members of the association voted against this proposed amendment, and at the meeting the ballot taken was declared by the chairman to be void and illegal.

The bill alleges, and the truth of the allegations is admitted, that since March, 1918, the vote taken in March, 1918, has been considered illegal and void by the officers and members of the association, and they have accepted dues from the plaintiffs and have paid sick benefits to members of the association "notwith-

standing the fact that the plaintiffs had long since ceased to be members of the Worcester Fire Department;" that from March, 1918, to June 1, 1919, the plaintiffs have attended meetings and have been recognized by the officers and members as active members of the association and have paid their dues to June 1, 1919; that on May 5, 1919, at a meeting of the association, the defendants decided that the plaintiffs had ceased to be members of the association and at a subsequent meeting, May 12, 1919, the plaintiffs were requested by the president to leave the meeting; that this request was repeated and the plaintiffs under protest left the meeting and have since tendered their dues from June, 1919, to January, 1920; that when the plaintiffs became members of the association, the by-laws provided for the payment of sick benefits, and when one ceased to be an active member of the Fire Department of Worcester and "desires to sever his connection with this Association, he may do so, and he shall be paid such amount as may be agreed upon by himself and the officers of this Association;" that at the meeting of May 12, 1919, after the plaintiffs were excluded, the defendants proceeded to ballot on three amendments to the by-laws, by which amendments it was sought to take away from the plaintiffs the right to benefits and to deprive them, having ceased to be members of the fire department, of membership in the association; that the plaintiffs forthwith filed with the secretary a written protest against the adoption of the proposed amendments, stating they had paid their dues, and further protesting against their exclusion from the meeting; that notwithstanding this protest, the amendments were adopted, and the defendant officers and agents of the association have refused to recognize the plaintiffs as members, and have refused to permit them to share in any of the benefits or rights of the association; that in addition to the sick and disability benefits to which a member was entitled, the by-laws stipulated that $500 should be paid to the dependent relatives of the member in the event of his death. It was admitted that the funds in the hands of the treasurer of the organization amounted to $19,000, resulting from the accumulation of dues and contributions from citizens. The plaintiffs asked that the defendants be restrained from dissolving the association, that the amendments of May 12, 1919, be declared void, and that the defendants be required to recognize

the rights of the plaintiffs as members of the association. It does not appear that a constitution was ever adopted by the association. The defendants filed a demurrer and answer, the demurrer was overruled and the case came before the Superior Court on a hearing for a final decree upon the agreed statement of facts and was reported to this court for determination.

The Worcester Permanent Fireman's Relief Association was an unincorporated society. The power of the majority to control the rights of the minority was determined by its by-laws. The majority could not deprive the plaintiffs of their membership in this voluntary association against their assent. And as the plaintiffs were members of the organization on May 12, 1919, the vote of the majority excluding them and depriving them of their membership was in violation of the by-laws and of the plaintiffs' rights. *McFadden* v. *Murphy,* 149 Mass. 341. *Kane* v. *Shields,* 167 Mass. 392. *Hill* v. *Rauhan Aarre,* 200 Mass. 438. If the remedies available within the association have been exhausted, a bill in equity will lie to protect the property rights of the member who has been deprived of them and restore him to membership in the society from which he has been expelled in violation of its by-laws. *Mesisco* v. *Giuliano,* 190 Mass. 352.

The plaintiffs contributed to the resources of the association, they had a property right in its funds and in the sick and death benefits of the organization. They exhausted all the remedies within the society; they protested against the vote expelling them, they used all the means within the association to protect their rights and secure their membership. See *Attorney General* v. *American Legion of Honor,* 206 Mass. 168, 173; *Attorney General* v. *American Legion of Honor,* 206 Mass. 183, 184. There was no further remedy open to them under the by-laws — a court of equity therefore will assume jurisdiction. *Mesisco* v. *Giuliano, supra.*

The defendants' answer alleges that the association has not complied with the provisions of R. L. c. 119, § 12, and acts in amendment and in addition thereto. The statement of agreed facts admits this averment to be true and it is further admitted that up to the time the defendants' answers and demurrers were filed none of the plaintiffs had information that the association's affairs were being conducted in violation of law, and each of them believed that the defendant officers and their predecessors had

faithfully carried out all the requirements of the Commonwealth relative to the association.

The only illegality claimed is that the association has not complied with R. L. c. 119, § 12, and the acts in amendment thereto. This statute permits certain beneficiary associations which pay sick and death benefits not in excess of the sum mentioned in the statute to "transact in this Commonwealth such business, without otherwise conforming to the provisions of this chapter." There is nothing in this statute which by its terms prohibited the association in question from transacting business. The statute gave its sanction to the societies designated, to carry on their business without otherwise complying with the statute; but there is no prohibition in this particular section, which is the sole violation of law relied on and the only violation of the insurance statute referred to in the pleadings, against the association continuing as a relief organization according to its by-laws. In addition to this the plaintiffs were innocent of any wrongdoing and had no knowledge that the affairs of the association were conducted in violation of law. See *Timberlake* v. *United Order of the Golden Cross*, 208 Mass. 411, 423.

The plaintiffs allege that the defendants are about to dissolve the association. This is denied by the defendants, and there is no finding on this question. The plaintiffs' prayer therefore that the defendants be restrained from dissolving the association cannot be allowed. A decree is to be entered, restoring the plaintiffs to membership in the Worcester Permanent Firemen's Relief Association and declaring void the amendments of May 12, 1919.

*So ordered.*