### V. BALUKONIS & others *vs.* LITHUANIAN ROMAN CATHOLIC BENEFIT SOCIETY OF THE MOST SACRED HEART OF JESUS & others.

Suffolk.   May 20, 1930. — July 18, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Voluntary Association,* Merger in corporation. *Equity Jurisdiction,* By voluntary association against alleged succeeding corporation. *Equity Pleading and Practice,* Answer, Appeal.

A provision in the constitution of a voluntary association, that, if members had anything against the association, they must ask the board of directors for a decision, was not ground for dismissing a bill in equity brought, without seeking such a "decision," by officers and members of the association as representatives of a class, "too numerous to mention," the association, against a corporation, which was formed by some of the members of the association and which, the association alleged, had unlawfully appropriated money and other property of the association that by the bill it sought to regain: the plaintiffs' complaint was not against the association but against the corporation or its officers, and it did not appear that effective remedies within the association existed.

It appearing that the defendant corporation in its answer in the suit above described admitted its incorporation, a defence that the incorporation was not legally accomplished was not open in this court on an appeal by the plaintiffs from a final decree dismissing the bill.

From facts found by a master who heard the suit above described, it appeared that some of the members of the plaintiffs' association, after due formality but without a meeting of the association, obtained a charter; that one elected as president of the corporation took the charter to a regular monthly meeting of the association, which was neither an annual nor a semiannual meeting and for which no notice had been sent to the members, and informed the meeting that their society was now incorporated and charter obtained, and that from that time it would be called by the corporate name; that the members present voted unanimously to accept the work of the board in obtaining the charter, and that "It was decided to complete the formalities." The master reported: "There was nothing in the evidence to show action or knowledge on the part of members of the Society other than this vote." The constitution of the association provided that changes in it might be made only at the annual or semiannual meeting. Those elected as officers of the corporation assumed to act as officers of the association. Later a substantial number of the association, constituting more than the quorum required by its con-

stitution, resumed meetings, elected officers at a meeting other than that provided in the constitution for that purpose, and voted to institute proceedings to regain the property of the association in the possession of the corporation. A final decree was entered dismissing the bill. On appeal by the plaintiffs, it was *held*, that

(1) The association was not dissolved by the incorporation; there was not even a valid vote of the association that a corporation be formed;

(2) No merger of the association with the corporation was accomplished;

(3) In the circumstances disclosed by the record, those who desired to continue as members of the association were justified in taking action to see that officers were chosen to carry on the work of the organization;

(4) The officers elected at a meeting other than that designated in the constitution for the purpose were legally elected: in the circumstances, the officers previously elected ceasing to function, the association had a right to choose officers to serve until the next regular meeting to keep it from dissolution for want of officers;

(5) The plaintiffs and their associates constituted the association and were entitled to the possession of the property which they sought;

(6) The decree was reversed and a decree for the plaintiffs ordered.

BILL IN EQUITY, filed in the Superior Court on March 8, 1928, and described in the opinion.

The suit was referred to a master. Material facts found by him are stated in the opinion. After the filing of the report, the suit was heard by *Lourie*, J., by whose order there were entered an interlocutory decree overruling exceptions by the plaintiffs and confirming the report, and a final decree dismissing the bill. The plaintiffs appealed.

*J. M. Maloney*, (*M. J. Connolly* with him,) for the plaintiffs.

*F. J. W. Ford*, (*J. Cunys* with him,) for the defendants.

SANDERSON, J. This is a suit in equity to recover possession of certain money on deposit in the defendant banks in the name of Lithuanian Roman Catholic Benefit Society of the Most Sacred Heart of Jesus, (hereafter called the corporation), and of other property, and for an accounting. The original plaintiffs described themselves as officers of a voluntary association, (herein referred to as the association), and bring this bill as representatives of the members of a class "too numerous to mention." Others have since been permitted to join as parties plaintiff. The corporation ad-

mits in its answer that at the time of incorporation there was on deposit in the banks mentioned in the bill of complaint money standing in the name of the association, and alleges that the latter authorized the transfer of the money from itself to the corporation. It also admits that it has possession of the records of all the meetings of the association and of the other property sought to be recovered, and sets up the defence that it is entitled to hold this property because the association has been merged in the corporation. The plaintiffs have appealed from the interlocutory decree overruling their exceptions to the master's report and confirming the report, and from a final decree dismissing the bill. The master found that the chief object of the association, which was founded in 1906 and had a constitution, was to provide sick and death benefits for its members, who also were called upon to perform certain church obligations.

In the summer of 1927 the question of incorporating the association was discussed, and the president called a special meeting of those who were to act as incorporators, for September 26, 1927, at which an agreement was signed to form a corporation under G. L. c. 176. Among the signers were three of the present plaintiffs. The membership in the corporation, as was that in the association, was restricted to Lithuanians who were Roman Catholics. The president received this charter on December 12, 1927, and on the same day took it to a regular monthly meeting of the association, which was neither an annual nor semi-annual meeting, and for which no notice had been sent to the members. The officers elected at this meeting had been nominated in November as officers of the association. He informed the meeting that their society was now incorporated and charter obtained, and from that time it would be called by the corporate name. From the minutes of the proceedings of the meeting it appears that the members present voted unanimously to accept the work of the board in obtaining the charter, and that "It was decided to complete the formalities." The record in the case states: "There was nothing in the evidence to

show action or knowledge on the part of members of the Society other than this vote." No notice concerning the charter was sent to members in the call for any meeting. After the meeting of December 12, the funds in the banks were transferred from the name of the association to that of the corporation. These original funds have not been expended.

The constitution of the association provided that changes in it might be made only at the annual or semiannual meeting. At the annual meeting on January 9, 1928, certain members of the association, after raising objections to the name of the corporation, to the election and other matters, left the meeting. Beginning January 21, 1928, a group of members of the association proceeded in its name to maintain regular meetings and transact business. On that date all of the members present, eighty-nine in all, voted to demand of the corporation their property, taking court action if necessary, and also to call a meeting to elect officers for the association. This election took place at a meeting held on February 4. The plaintiffs named originally in the bill of complaint were elected to the offices. At this meeting all present, one hundred eighteen in number, voted to retain the old association and its name. Both organizations, the association and the corporation, have continued to hold their respective meetings. The constitution provided that officers should be elected in December.

The master found that the officers and directors acting as incorporators, intended to continue the association as a corporation and thought they had authority to do this, but that they failed to accomplish what they intended in that they formed the corporation, but left the voluntary association just where it was.

The contention that the plaintiffs cannot maintain the suit because they have not exhausted their remedies within the organization as provided in the constitution cannot be maintained. The only finding pertinent to this contention relates to the provision of the constitution that if members have anything against the association they must ask the board of directors for a decision.

The plaintiffs' complaint is not against the association but against the corporation or its officers for taking property of the association, and it does not appear that effective remedies within the association existed. The fact that some of the plaintiffs were actively interested and aided in the formation of the corporation did not preclude them from asserting the rights in the association which they and the other members whom they represent possess. See *Strong* v. *Los Nietos & Ranchito Walnut Growers' Association,* 137 Cal. 607, 609, 610. The fact of incorporation was admitted in the answer and the defence that the incorporation was not legally accomplished is not open. The association was not dissolved by the incorporation. There was not even a valid vote of the association that a corporation be formed. *McFadden* v. *Murphy,* 149 Mass. 341. *Sabourin* v. *Lippe,* 195 Mass. 470, 480.

Upon the facts found, no merger of the association with the corporation was accomplished. There was no complete cessation of the activities of the association; reasons for its continuance as an organization existed and unanimous approval of or acquiescence in a merger was not shown. See *Bancroft* v. *Cook,* 264 Mass. 343, 350; *Grand Lodge of Massachusetts Loyal Orange Institution* v. *Snow,* 266 Mass. 483; *Great Council of the Improved Order of Red Men* v. *Mohican Tribe,* 92 N. J. Eq. 593. ". . . no action could be taken binding all unless assented to by all." *Hill* v. *Rauhan Aarre,* 200 Mass. 438, 439. *Kane* v. *Shields,* 167 Mass. 392. *Hanson* v. *Mayers,* 243 Mass. 25, 28. Although the corporation in its answer undertook to justify itself in holding the records and property formerly owned by the association on the ground of merger of the latter in the corporation, it has not so contended in its brief. It now contends, in addition to the defences to which reference has been made, that the plaintiffs are not officers of the association and do not represent its members. The master found, however, that the plaintiffs are the representatives of the association and court proceedings to recover the property were authorized by vote of the association. Furthermore, in view of the fact that the officers of the association elected

at the annual meeting in December, 1927, had obtained the charter for the corporation for the purpose of merging the association in it, and still contend in their pleading that there was a merger, that as officers of the corporation they took and held in possession in behalf of the corporation the record books, money and other property of the association, and that since the formation of the corporation they have not, so far as appears, undertaken to act as officers of the association, they cannot now successfully contend that they are officers of the association; nor can their contention as to any informality in the call for the meeting at which the plaintiffs were elected prevail. Under the circumstances disclosed by the record those who desired to continue as members of the association were justified in taking action to see that officers were chosen to carry on the work of the organization. Those attending the meetings constituted more than the quorum required by the constitution for the transaction of business, and the corporation's contention that the suit cannot be maintained because the plaintiffs are not officers of the association must fail, even though their election did not take place at a meeting in December as provided in the constitution. The association had a right to choose officers to serve until the next regular meeting to keep it from dissolution for want of officers. See *McFadden* v. *Murphy*, 149 Mass. 341, 344, 345; *Sabourin* v. *Lippe*, *supra*. The case at bar in its essential features is controlled by *McFadden* v. *Murphy*, *supra*, and we are of opinion that the plaintiffs and their associates constitute the association and are entitled to the possession of the property which they seek. The plaintiffs are entitled to recover the property even if the members of the corporation are still members of the association.

The bill alleges that the property which the plaintiffs seek is in the possession of certain individuals designated as officers of the corporation. These individuals have not been made parties, but in view of the fact that the possession of all of the property sought to be recovered is admitted to be in the corporation, the plaintiffs may be granted the relief sought without making the individuals parties.

The decree is reversed and a decree is to be entered directing the corporation to turn over to the plaintiffs, as officers and representatives of the association, for its benefit, the deposits in banks amounting to $2,035.59, with such interest as may be found to have accumulated thereon, the records of meetings of the association, and all other property sought by the bill of complaint to be recovered; and that the plaintiffs also recover their costs.

*Ordered accordingly.*