BROTHERHOOD OF PAINTERS, DECORATORS AND PAPERHANGERS OF AMERICA, et al., Plaintiffs, *v.* FREDERICK GARRETT, Individually and as Former President of Local Union No. 645, Defendant.

Supreme Court, Special Term, Kings County, May 18, 1945.

*Walter R. Hart* for plaintiffs.

*Joseph G. Glass* for defendant.

RUBENSTEIN, J. Action in equity to compel defendant Local Union No. 645 to surrender its charter and other properties to the plaintiff parent union, Brotherhood of Painters, Decorators and Paperhangers of America, to restrain defendant from continuing to act as a local union and for other equitable relief. The ultimate relief as specified in the foregoing is also the subject of the present motion for a temporary injunction. Defendant has countered with a cross motion seeking to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action.

The complaint, in substance, reveals the following: that the plaintiff brotherhood as parent body of various district councils and local unions in the United States and Canada, heretofore issued charters to five local unions, including the defendant, the said local unions being included within District Council No. 18 in the borough of Brooklyn; that prior to March 16, 1945, these local unions, acting through their respective committees, arranged and agreed with representatives of the brotherhood and their district council to submit to a vote of the members of each of the local unions three alternative propositions, namely, whether or not the members were in favor of amalgamating the five local unions (1) into one local union or (2) into two local unions, or (3) continuing the five local unions as then constituted; that in a referendum held on March 16, 1945, throughout the five local unions, proposition number two

received the highest number of votes; that Local Union No. 645 voted overwhelmingly in favor of proposition number three; that the four other local unions (which have joined as plaintiffs in this action) thereafter surrendered their charters and property to the brotherhood, but that Local Union No. 645 has refused to do likewise. It is significant that the complaint does not refer to any provision of the constitution or the by-laws of the organization conferring upon the plaintiffs the right to revoke the charter of a local union under such circumstances as those here recited. It is also apparent from a consideration of the facts here recited that the revocation or surrender of the defendant's charter is not predicated upon any violation by the defendant of any provision of the constitution or by-laws.

It is my view that the plaintiffs have no right to require the surrender of the charter of the defendant local upon the facts here given. A situation strikingly similar to that here discussed is disclosed in *Barbrick* v. *Huddell* (245 Mass. 428). There the amalgamation of several local unions was sought to be accomplished. One of such local unions objected to the amalgamation and the court sustained its right to do so, saying (p. 435–436): " Something more than mere membership in a voluntary association is embraced in this case. It involves the life of the organization known as Local 263, with its funds and property, its associations and reputation, and all the rights and privileges of its members. The plaintiffs were members of this union, and they desired to continue in such membership. Their right to labor is property, ' and as such merits protection. The right to make it available is next in importance to the rights of life and liberty.' *Slaughter-House Cases,* 16 Wall. 36, 127. *Bogni* v. *Perotti,* 224 Mass. 152. Their right to enjoy whatever advantages membership in this union would bring them in their calling, could not be taken away by the unlawful action of the general executive board. In our opinion property rights are involved and equity will assume jurisdiction to protect them. *Hanson* v. *Mayers,* 243 Mass. 25. *Mesisco* v. *Giuliano,* 190 Mass. 352. *Boston Club* v. *Potter,* 212 Mass. 23."

Turning to the cases in this State, we find elementally that the charter of a local union is to be regarded with the sanctity of a contract. Expressive of this point of view is the opinion in *Steinmiller* v. *McKeon* (21 N. Y. S. 2d 621, affd. 261 App. Div. 899, affd. 288 N. Y. 508). The mere fact that the other four local unions have chosen to abide by the results of the referendum and to surrender their charters does not per se afford any foundation upon which to justify the forfeiture of the charter of Local Union No. 645. Such action on their part

cannot abrogate or in any wise affect the fundamental rights of the defendant. This would be true even in a case where a majority of the members of a local union sought to surrender its charter against the will of a dissenting minority and in contravention of express provisions of the constitution and by-laws. Commenting upon such a situation in *Alexion* v. *Hollingsworth* (289 N. Y. 91, 97), the Court of Appeals significantly stated: " The charter granted by the International became a contract which determined the rights and duties of the constituent society and its members. ' As the contract may prescribe the precise terms upon which a membership may be gained, so may it conclusively define the conditions which will entail its loss.' (*Polin* v. *Kaplan*, 257 N. Y. 277, 281.) The rights of the defendants as members of the local union cannot be lost except in the manner permitted by the contract from which these rights spring." (See, also, *Brownfield* v. *Simon*, 94 Misc. 720, affd. 174 App. Div. 872, affd. 225 N. Y. 643.)

Upon the foregoing, I conclude that the complaint should be dismissed as not setting forth a cause of action. In arriving at such conclusion I have not considered the constitution of the brotherhood since it formed no part of the complaint. This disposition necessarily requires a denial of the motion for a temporary injunction.