STATE NATIONAL BANK OF ST. LOUIS *v.* MERCHANTS' BANK OF
GRENADA ET AL.

CORPORATION.   *Assignment for benefit of creditors.*   *Notice.*   *Stockholders'*
*meeting.*   *Directors' meeting.*   *Creditors.*

Where there was an immediate necessity for the execution by a
corporation of an assignment for the benefit of its creditors,
and it executed such an instrument, acting through a legal
quorum of its board of directors, in pursurance of directions
from the stockholders given at a meeting in which a majority
of the stock and stockholders were represented, the same is not
void or voidable at the suit of creditors, none of the stockholders
objecting thereto, because proper notice was not given of the
meetings.

FROM the chancery court of Grenada county.
HON. JAMES C. LONGSTREET, Chancellor.

The suit was a statutory proceeding, under Code 1892, ch. 8, by B. C. Duncan, one of the appellees, assignee in an assignment for the benefit of creditors, executed by the Merchants' Bank of Grenada; the defendants to the proceeding were said Merchants' Bank and its creditors, among them the appellant, State National Bank of Saint Louis. The purpose of the suit was to have the chancery court administer the trust evidenced by the assignment, and to treat the complainant, Duncan, as a receiver under the provisions of said chapter.

The appellant, State National Bank of Saint Louis, one of the creditors and defendants, filed a cross bill under Code 1892, § 121, against Duncan, the assignee receiver, and the Merchants' Bank of Grenada, seeking to have the assignment declared void. The court below denied the relief sought by the cross bill and the State National Bank of Saint Louis appealed to the supreme court.

The other facts, necessary to an understanding of the case, are stated in the opinion of the court. The code sections pertinent are as follows:

"117. *To be Administered in Chancery.* — Assignments for the benefit of creditors may be executed as heretofore; but in every case of a general assignment where the property assigned shall exceed in value the sum of one thousand dollars, the assignee or trustee shall, before he enters upon the discharge of his duties, after taking possession, and within twenty-four hours thereafter, file a petition in the chancery court of the county of the assignor's residence or place of business, or if he had no residence or place of business in this state, then of the county of the residence of some of his creditors, or where the property or some of it may be, for the administration of the trust. The assignor and all of his creditors must be made parties to the petition."

(Section 118 requires the assignee to give bond for the faithful administration of his trust; sec. 119 makes him an officer of the court, a receiver; sec. 120 requires him to file inventories, etc.)

"121. *Rights of Creditors.*—Any creditor may file in said cause a cross petition against the receiver, and he may make the assignor or other persons, whether parties to the suit before that time or not, defendants thereto, and show to the court that the assignment is fraudulent, or ought not, for any other reasons, to be enforced; the property other than that in the trustee's or assignee's hands may be shown to be liable for the debts of the assignor. The creditor filing a cross petition, if he succeed in establishing that the assignment ought not to be enforced, shall have priority over all other creditors in the distribution of the proceeds of the property in the assignee's hands, and a lien, from the filing of his cross petition, on other property he may seek to have subjected to his debt; and in aid of such lien, a writ of sequestration, injunction, or other remedial process may issue."

"122. *The same; Assignor may be sued.*—A creditor may demand, by cross petition, a personal decree against the assignor for the amount of his debt; but priority of such personal decrees shall not effect the distribution of the assigned effects, or the proceeds thereof."

"123. *Duty of Creditors.*—It shall be the duty of all creditors to establish their claims in said cause to the satisfaction of the court; and any creditor may oppose and controvert the demand or claim, in whole or in part, of any other person, and the court shall, on motion, cause all proper issues to be made up to test the validity of claims."

(Section 124 relates to the schedule required to be filed with general assignments.)

*Slack & Mitchell* and *Walter Doty,* for appellant.

Persons who were not *bona fide* stockholders in the bank could not become even *de facto* directors, as the by-laws of the bank required that its directors should be *bona fide* holders of its capital stock. *In re* Newcombe, 18 N. Y. Sup., 16.

It is clearly evident that the assignment could not have been

made at the time it was attempted to be made without the votes of three persons who were not *bona fide* stockholders.    Morawetz on Corporations, sec. 640.

A corporation cannot take advantage of the acts of *de facto* officers acting in violation of its by-laws.

It is well settled that no special meeting, either of stockholders or of directors, is valid unless due notice thereof is given to all of the stockholders or directors, as the case may be, and when by-laws prescribe the mode of giving the notice this mode must be complied with.    Acts done at a meeting of which notice was not given to those entitled to it are void.    21 Am. & Eng. Enc. Law, (2d ed.), 867; Thompson on Corp., 4808-9 and 5107-8-9; 2 Cook on Corp. (5th ed.), secs. 594 and 713a; Clark on Corp., 465, 491; 18 Am. Dec., 99 and notes; 21 Or., 573; 54 Ark., 58, 198 Ill., 21; 134 Cal., 175; 42 L. R. A., 549; 56 L. R. A., 184; 3 Am. St. Rep., 64; 120 Mich., 462; 52 N. J. Eq., 78; 116 N. C., 827; 119 Mo., 9.

*Mayer* v. *Bernstein,* 69 Miss., 17, holds that one partner cannot make a valid assignment of the partnership property without the assent of the other partner, although the other partner lived in another state, and that such an attempted assignment will be set aside at the instance of creditors, and the attacking creditors be given a lien on the property for their debts, although both partners endeavor to validate the assignment.

In answer to the contention that there was such a case of emergency as to excuse the failure to give notice to absent stockholders and directors, the evidence in this case does not sustain the contention.

In this connection we will call the court's attention to the case of *Doernbecher* v. *Columbia Lumber Co.,* 28 Am. St. Rep., 766, which in many of its facts is like the one at bar, and where the question of the necessity of giving notice of special meetings of the board, and also the question of the right of creditors to complain of the failure to give this notice, are fully and elaborately discussed and decided in conformity to our contentions.    The

court will see from the facts in the case at bar how important is the rule requiring the giving of notice to all of the directors of the holding of a meeting of such importance as this one was, and the cogency of the reasons which the courts have given for requiring a strict conformity to the rule. For it is evident that had all of the directors received notice of, and attended this meeting, the result might have been different.

"Neither physical nor mental incapacity of a stockholder will excuse failure to give him notice of a meeting, nor will his absence from home excuse such failure." And this rule applies also to directors. 2 Cook on Corp., (5th ed.), 596.

A failure to give notice is tolerated, only .(1st), where not practicable to give notice because the person was out of the state and inaccessible; and (2d), an emergency; and (3d), when the act done is one requiring present action and is reasonably necessary to the welfare of the corporation ; and all of these conditions must exist at the same time. *Bank of Little Rock v. McCarthy,* 55 Ark., 473 ; 229 Am. St. Rep., 60.

The running of attachments does not create such an emergency as will dispense with the necessity of giving notice to absent directors where an assignment is to be made. *Friedman v. Lesher,* 198 Ill., 21, 2 Am. St. Rep., 255. Even if this were true, yet in order to take advantage of it, it must be shown that the attachments were or would be rightfully sued out and could be sustained, and this appellant failed to do.

The evidence in this case does not show that it was impracticable to give the absent directors notice, or that there was a present and pressing necessity for action at the time the meeting was held.

It is evident that there has not been and could not have been any notification of the stockholders. 2 Cook on Corp., (5th ed.), sec. 709 ; Elliott on Corp., 540 ;. 43 L. R. A., 222 ; 64 Pac. Rep., 1082 ; 130 Cal., 345.

We come now to the consideration of the question of the right

of creditors to complain of and have the assignment set aside upon the ground of the failure to give proper notice to absent directors. The chancellor, in rendering his decision against cross petitioners, put a great deal of stress upon this point, basing his opinion that creditors could not complain mainly upon the case of *Fargason* v. *Mercantile* Co., 78 Miss., 65. But this court will see, upon a careful examinaton of that case, and of the case of *Sells* v. *Grocery Co.,* 72 Miss., 590, which is also relied upon by appellees, that they do not sustain this contention. The point raised by us was not raised in the Fargason case at all. On the other hand, in that case the precaution had been taken by creditors to have a sufficient number of directors elected to legally make the assignment and to prevent an attack upon it on this ground, and the court says in that case that "the state alone can complain of *ultra vires* acts" naming them. The failure to give notice is not one of these, nor could it have been because it could not be classed as *ultra vires* for the very good and sufficient reason that it is a well settled proposition of law that a board of directors has the right and power to make assignments when done in a proper and legal manner.

An assignment not made at a proper board meeting "may obviously be impeached, either by creditors or stockholders, on the ground that it was not made by the directors at a meeting duly convened, that is to say, that it was not made by the board of directors at all; for the acts of directors are of no validity unless they are regularly assembled and acting as a board, and unless the proper quorum had concurred in the action which is challenged." Thompson on Corp., Vol. 5, p. 5107; *Doernbecher* v. *Columbia Lumber Co.,* 28 Am. St. Rep., 766; *Castle* v. *Lewis,* 78 N. Y., 131.

In the case of *Sells* v. *Grocery Co., supra,* there was an express ratification of the act which was complained of, before the complaint was made, both by the stockholders and the directors. *Mayer* v. *Bernstein,* 69 Miss., 17.

*William C. McLean,* for appellees.

The authorities are divided as to whether it is necessary to give notice of the meeting to all of the members of the directors if a quorum do actually meet and participate in the meeting. The following authorities hold that the notice is not necessary, and that if a majority do actually meet and participate then their action is the act of the corporation. *Edgery* v. *Emerson,* 23 N. H., 555; s. c., Am. Dec., 215-18, and authorities cited; *Bank* v. *Flower,* 41 Ohio State, 552.

But even those authorities which hold that before there can be a legal meeting of the board of directors, it is necessary to give each and every member notice, and that the notice must recite the object and purpose of the meeting—sustain the assignment in the case at bar. The same objection was made to the assignment in *Chase* v. *Tuttle,* 55 Conn., 455; s. c., 3 Am. St. Rep., 64; *Singer* v. *Salt Lake Copper Mfg. Co.,* 17 Utah, 143; s. c., 70 Am. St. Rep., 780; *Bank of Little Roock* v. *McCarthy,* 55 Ark., 473; s. c., 29 Am. St. Rep., 64.

Law is nothing more nor less than common sense; it simply requires people to do reasonable, just and sensible things. "Circumstances alter cases," and what is the law in the one case is not the law in the other. The only reason that is given by the courts for requiring notice to be served upon the absent directors is, that possibly the absent director might have been able, not by his vote, but by his influence and power of speech, to prevent the other members of the board from taking the step which was taken. The absent directors in this case could not by any sort of means or power have prevented the making of the assignment in the case at bar; on the other hand it is more reasonable to say that they would, under the circumstances, as disclosed by the record in this case, have decided with the other directors that an assignment was absolutely and imperatively necessary. When the reason ceases the rule ceases. The levying of the attachment necessarily caused a complete paralysis of the business of the bank.

In *Kennan Furnace Co.* v. *McAlpin,* 5 Fed. Rep., 737, it is held that a stockholder not notified, but who appeared and voted by proxy, could not question the legality of the acts of the meeting on grounds that he had not received any notice of the meeting. Cook on Corp. (95th ed.), sec. 599; *Columbia National Bank* v. *Matthews,* 85 Fed. Rep., 934.

The evidence shows that after this assignment was made all of the absent stockholders ratified the making of the assignment. All of the authorities agree that a ratification can be made even by silent acquiescence on the part of the stockholders and the board of directors. *Jordan* v. *Collins,* 18 So. Rep., 139; Mor. on Private Corp., secs. 618, 635; Cook on Corp., (5th ed.), sec. 599, p. 1284.

The appellants are here upon the threshhold of the proposition that they are in no attitude to question the validity of the assignment for two reasons; in the first place, the only objection that is made to the assignment is, that the assignment was invalid because not authorized at a regular meeting of the board of directors, or at a special meeting after due and proper notice had been given; they did not show in their petition that they are entitled to maintain this suit, having alleged in their petition no right or lien on their part to any of the assets of the bank, or that the bank committed any act which justifies either the suing out of an attachment or the filing of any suit in equity by which the appellants can establish any lien or claim; in other words, the appellants come into this court with the naked statement that the instrument under which the assignee is proceeding is not a valid instrument for want of sufficient execution. If the allegations of the cross petition are true, then the remedy of the appellants is plain and adequate at law; if the allegations of the cross petition are true, then the chancery court has no jurisdiction whatever of this matter, but the whole proceedings are null and void, and the petition of the assignee and receiver wherein he asks the court to take jurisdiction and to administer this trust, is null and void, and the result is, that the petition of

the assignee should be dismissed, and with it the cross petition of appellant. This question was squarely settled and decided by this court in *Lowenstein* v. *Hooker,* 71 Miss., 102.

But suppose the filing of the petition by the assignee and the qualification by him under the assignment gave the chancery court jurisdiction to administer the trust, still, this in no manner helps the cross petitioners out of their dilemma, because they allege in their cross petition nothing against the assignment except its want of proper execution. If the chancery court acquired jurisdiction for the administration of the assets of the bank, then the cross petitioners are not entitled to any preference and acquire no right of priority to any other creditor by reason of their cross petition, and it becomes the duty of the chancery court to administer the trust estate by distributing the assets to all of the creditors *pro rata*. While quite a number of authorities hold that the assets of a corporation become, the moment of its insolvency, a trust fund for the benefit of creditors, yet the true rule is that this doctrine is subject to the qualification, that it is only after the courts in some way acquire jurisdiction over the estate and are administering that estate. If, therefore, the chancery court acquired jurisdiction over the assets of the bank, the court would hold these assets as a trust fund for the payment of all creditors alike. This doctrine is fully discussed in the following cases: *Sabin* v. *Columbia Fuel Co.,* 25 Oregon, 15; s. c., 42 Am. St. Rep., 756; *Buck* v. *Ross,* 57 Am. St. Rep., 778.

It has accordingly been held that the person for whose protection the formalities are prescribed may waive compliance therewith and consent that the corporation be bound by acts informally done; in other words, there can be no complaint by others when the stockholders acquiesce in the disregard of a formality prescribed for their benefit alone. Referring to *Beecher* v. *Rolling Mill Co.,* 45 Mich., 103; *Hardware Co.* v. *Phelan,* 128 Pa. St., 110; *Wood* v. *Waterworks Co.,* 44 Fed. Rep., 146; *Thomas* v. *Railroad Co.,* 104 Ill., 462; *Barrett* v. *Pollark Co.,*

18 So. Rep., 620; *Alabama Iron & Steel Works* v. *McKeever,* 20 So. Rep., 88; *Anderson* v. *Bullock County Bank,* 25 So. Rep., 528; *Munhatten* v. *Phalen,* 128 Pa. St., 110.

Argued orally by *W. C. McLean,* for appellees.

CALHOON, J., delivered the opinion of the court.

The Merchants' Bank made, or attempted to make, a general assignment, without any preferences whatever, to Mr. Duncan as assignee, for the benefit of its creditors, and he duly qualified as such, and proceeded regularly in conformity with chapter 8 of the code of 1892, and thus, under § 119 of that code, became receiver in equity in the chancery court of Grenada county. All creditors were duly made partners, including the appellants, and afterwards at the April term of the court, following the January term, when the proceedings were begun, a *pro confesso* decree was taken against them, but set aside on their motion. Thereupon they filed their cross petition in the pending cause, under Code 1892, § 121, against the receiver of the Merchants' Bank, the prayer of which is to set aside the assignment and for a decree fixing in their favor a prior lien in the distribution of assets. The only ground that they take, as a predicate for this prayer, is that the assignment was ordered at a called meeting of the stockholders and board of directors, without notice served on some of them. The cross petition avers that "some of the stockholders" recommended to the board of directors that they make the assignment, which they did, but says the stockholders did not have "due, legal, and reasonable notice" of the "time, object, and purpose" of the meeting, and that a "large number" of them were thereby deprived of their right to "attend and participate." It proceeds to charge that the meeting of the board of directors who made the assignment was illegal, because there was no such notice of the special meeting to the members as the by-laws required, and because there was not a quorum of the

"duly and legally qualified directors of said bank," in that two or three of them were not stockholders.

In fact, a majority of the stock and stockholders were present at the stockholders' meeting, and they ordered the board of directors to make the assignment, and to make it to Mr. Duncan as assignee. In fact, a legal quorum of the board of directors made the assignment. In fact, there was an emergent necessity that the assignment be made. In fact, there is entire acquiescence of every director and every stockholder in the action taken. There is no pretense of any fraud on, or injustice to, the appellants or any creditor of the bank. Now, inasmuch as the exigency required prompt action, and inasmuch as the interests of stockholders alone are concerned, and inasmuch as they are not complaining, but approving, we are in accord with that line of authorities which deny the relief asked by the creditors. These authorities are collated in the brief of counsel for appellants. We especially call attention to the opinion of Judge Cooley in *Beecher* v. *Marquette,* 45 Mich., 103; s. c., 7 N. W., 695.

*Affirmed.*