BENJAMIN C. DUNCAN, ASSIGNEE AND RECEIVER, *v.* STATE NATIONAL BANK OF ST. LOUIS ET AL.

ASSIGNMENT FOR BENEFIT OF CREDITORS. *Attack. Election of remedies. Participation in assets.*

Creditors who unsuccessfully attacked a general assignment made by a corporation for the benefit of its creditors on the sole ground that it had not been duly executed are not thereby precluded from participating in the distribution of the assets.

From the chancery court of Grenada county.

HON. JULIAN C. WILSON, Chancellor.

Duncan, the appellant, was the petitioner or complainant in the court below; the State National Bank of St. Louis and

others, appellees, were defendants to Duncan's petition. From a decree adverse to Duncan he appealed to the supreme court.

[For reports of previous litigation touching or springing from the assignment involved, see *Bank* v. *Bank,* 83 Miss., 610; *Duncan* v. *Bank,* 84 Miss., 467; *Gerard* v. *Duncan,* 84 Miss., 731.]

The Merchants' Bank of Grenada made a general assignment of its property for the benefit of its creditors, making no preferences. Duncan, the appellant, was made assignee, and all creditors were made parties to the proceedings instituted by him in the chancery court under ch. 8, Code 1892. A master was appointed to adjust the claims, and the claims of appellees were allowed, and they were ordered by the court to be paid. After the entry of this decree, appellees filed a cross-petition, in which they assailed the validity of the assignment. The assignee answered the cross-petition, and that cause was tried in the chancery court, and on final hearing the cross-petition was dismissed, and the cross-petitioners appealed to the supreme court, and that decree was affirmed. See 83 Miss., 610 (35 South. Rep., 569). Afterwards Duncan, assignee, filed the petition in this case, making said cross-petitioners, the present appellees, parties thereto; setting up the fact that said parties had assailed the validity of the assignment; that at the time of the assailment of the assignment they were in full possession of all the facts; that the courts held said assignment valid; that the Merchants' Bank, the assignor, was insolvent, and the assets were not sufficient to pay all the creditors in full; and prayed that said cross-petitioners should not be permitted to participate in the distribution of the assets of the bank until the claims of all the other creditors were first paid in full, for the reason that they had repudiated the assignment.

*W. C. McLean,* for appellant.

Can a creditor for whose benefit a general assignment has been made be permitted, with full knowledge of the facts, to first

assail and repudiate the assignment, and, when he fails in that attack, be permitted to then come in and claim under the assignment?

This is a new question in this court; and while the authorities are conflicting in some jurisdictions, yet we submit that not only the weight of authority, but the soundness thereof, is to the effect that a creditor for whose benefit an assignment is made cannot repudiate the assignment and then thereafter claim the benefits. This question is discussed at some length in the voluminous notes to *McLaughlin* v. *Bank,* 54 L. R. A., 345.

Because of the continuous, open, and hostile acts of the petitioner toward the assignment and his continuous refusal to accept its terms he is not in a position to claim benefits under it as other creditors who have assented to it are entitled thereto. *Adler, etc., Co.* v. *People's Bank,* 65 Ark., 280; *Valentine* v. *Decker,* 43 Mo., 583; *Jeffries' Appeal,* 33 Pa., 39; *Beifield* v. *Martin,* 4 Colo. App., 578; *O'Bryan Bros.* v. *Glenn Bros.,* 91 Tenn., 107; Burrell on Assignments, secs. 476, 479; *Fellows* v. *Greenleaf,* 43 N. H., 421; *Furman* v. *Fisher,* 4 Cald. (Tenn.), 626; *Farquaharson* v. *McDonald,* 2 Heisk. (Tenn.), 404; *Ewing* v. *Cook,* 85 Tenn., 332; *Vernon* v. *Morton,* 8 Dana (Ky.), 247; *White* v. *Sterling,* 11 Tex. Civ. App., 553; *Wright* v. *Zigler,* 70 Ga., 501; *Jones* v. *Burgiss* (Ala.), 19 South. Rep., 851.

*Slack & Mitchell,* and *Walter S. P. Doty,* for appellees.

Appellees had a final décree in their favor, and appellant took no steps to have same set aside at the term at which it was rendered, but permitted it to ripen into a final and unassailable judgment, and he could afterwards, if at all, attack it alone by bill of review. *Lagory* v. *Bayless,* 13 Smed. & M., 153; *Hardy* v. *Gohlson,* 26 Miss., 72; *Wiggle* v. *Owen,* 45 Miss., 691; *Ledyard* v. *Henderson,* 46 Miss., 260; *Cromwell* v. *Craft,* 47 Miss., 44; *McDougal* v. *McDougal,* 68 Miss., 689 (15 Am.

St. Rep., 138); 13 Am. & Eng. Ency. Law (2d ed.), 40, and notes.

Before he could have filed his bill of review he must have made affidavit setting out the grounds upon which he relied and asking leave of the court to file the bill, and this appellant failed to do. *Vaughn* v. *Cutrer,* 49 Miss., 782; 3 Ency. Pl. & Pr., subject, "Bills of Review."

All parties interested in the decree sought to be set aside are necessary parties. All creditors of the bank were interested parties, and should have been joined in a proper proceeding to have this decree set aside. *Knowland* v. *Sartorious,* 46 Miss., 45; *Vaughn* v. *Cutrer,* 49 Miss., 782; 3 Ency. Pl. & Pr., subject, "Bills of Review."

The assignee-receiver had no authority to institute this proceeding without being directed to do so by the court or by the creditors of the bank. As to powers and duties of assignees, see *Richardson* v. *Stapleton,* 60 Miss., 97; *Shoe Co.* v. *Sykes,* 72 Miss., 390; *Hiller* v. *Ellis,* Id., 711.

The allegations of this petition are not sufficient to authorize the court to grant the relief prayed for. If he had authority to bring this suit, which we deny, he should have set out in his petition the amount of liabilities and collectible assets of the bank, and let the court be the judge of whether or not there would be sufficient funds to pay all the creditors. As it was, he did not and could not at that time set out these facts, because he did not then have the means of ascertaining them.

But aside from questions of procedure, pleading, etc., and admitting for the sake of the argument that this petition was properly filed, that the assignee-receiver had authority to institute this suit, and that the allegations of his petition are sufficient, yet he has no standing in equity, and the ruling of the lower court sustaining appellees' demurrer was right, and should be affirmed on the ground of the want of equity, because the petition does not show any legal or equitable grounds for the relief sought.

Counsel for appellant in his brief says that there is only one question before this court—viz.: Can a creditor be permitted to first assail and repudiate the assignment, and then, failing, come in and claim under it? But we respectfully submit that this is not the only, nor indeed the proper, question at issue. In the first place, we maintain that the fact that appellees tested the validity of the assignment, as provided for by the chapter on assignments in Code 1892, is not a repudiation of the assignment. It would be monstrous to hold that, because a person properly came into court to test the validity of an instrument, he thereby repudiated it and elected not to claim under it.

There can be no election where a mistake is made as to the right to a certain remedy. *Madden* v. *Railroad Co.,* 66 Miss., 258; *Conn* v. *Bernheimer,* 67 Miss., 498; 7 Ency. Pl. & Pr., 364, and notes.

Most of the authorities which counsel for appellant cites and upon which he relies were where creditors attached the assigned property and were in a hostile attitude toward the assignment at the time they attempted to claim under it, and the courts held that, because of the continuous, open, and hostile acts of creditors toward the assignment and their continuous refusal to accept its terms, they were not in a position to claim its benefits, etc. This is the language of the Utah case cited and relied upon by him, and the Nebraska and Michigan cases use similar language. None of the cases cited by him, we respectfully submit, are in point or applicable to the facts of the case at bar.

For a full discussion of the doctrine of election and its application to the facts of a case, we call the attention of the court to the case of *Madden* v. *Railroad Co.,* 66 Miss., 273, where the court says: "There can be no denial of the doctrine of 'election' as an established rule of law, but, like its theological namesake, it is held and applied with many variations by the hundreds of cases in which it has been invoked." And after

citing many authorities, including Kent, *"clarum et venerabile nomen,"* the court concludes: "Election is a matter of intention. It need not be expressed, it is true, but it will not be implied, except from some unequivocal act evincive of it," citing Story's Eq., sec. 1097.

To the same effect is the case of *Peters* v. *Bain,* 133 U. S., 295, which has been cited, and the definition and application of the doctrine of election therein given was approved and adopted by this court in the very recent case of *Barrier* v. *Kelly,* 82 Miss., 248. See also, on this subject, 54 L. R. A., 248, and notes; 3 Am. & Eng. Ency. Law (2d ed.), 136, and notes; Burrell on Assignments, sec. 476; 7 Ency. Pl. & Pr., 364, and notes, and cases there cited.

Argued orally by *W. C. McLean,* for appellant, and by *W. S. P. Doty,* for appellees.

WHITFIELD, C. J., delivered the opinion of the court.

The point decided in this case when it was here before—see *Bank* v. *Bank,* 83 Miss., 610 (35 South. Rep., 569)—was simply that these appellees, being mere general creditors, could not complain for the stockholders or the directors that the assignment had been illegally executed. We held that general creditors had no standing in court to make such an attack if the stockholders and directors all assented to the assignment. That was all that was involved in the former decision. No attack was made in that case on the assignment, treating it as having been legally executed, for fraud or anything else which would have avoided an instrument once having had legal existence. The sole object of the attack was to show that the assignment had never had any legal existence, and our former holding was that these appellees, mere general creditors, could not pursue this remedy. It was not a remedy which was open to them, if the stockholders and directors assented. This being the case, the doctrine of election is not properly involved in this appeal, and we do not decide the question with respect to the conse-

quences of election to claim under or against an assignment. This case falls squarely within the principle of the cases of *Conn* v. *Bernheimer,* 67 Miss., 498 (7 South. Rep., 345); *Tucker* v. *Wilson,* 68 Miss., 693 (9 South. Rep., 898). In the former case Bernheimer employed the remedy of replevin, which was forbidden by the law, it being his duty to have interposed a claimant's issue. The holding was that, since Bernheimer could not employ replevin, the doctrine of election had no application.

*Affirmed.*