COUNCIL OF JEWISH WOMEN *vs.* BOSTON SECTION COUNCIL OF JEWISH WOMEN & others.

Suffolk. March 18, 19, 1912. — May 27, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DECOURCY, JJ.

*Equity Jurisdiction. Corporation.*

A foreign corporation cannot maintain a bill in equity against a Massachusetts corporation of which it is not a shareholder to enjoin it from carrying out a vote, passed at a special meeting of its members and within the scope of its chartered powers, merely because of irregularities and other defects in the meeting and the vote.

A New York corporation, organized as a national body for a philanthropic purpose which contemplated separate organizations in different localities having the same purpose and practically the same constitution and under a provision of their constitutions paying half of their membership fees to the national body, cannot maintain a suit in equity to enjoin a Massachusetts corporation, organized under R. L. c. 125 as a local organization of the national body, from carrying out a vote passed by its members at a special meeting to withdraw from the national body. If such vote and such proposed action are *ultra vires*, they should be remedied in appropriate proceedings instituted by the public authorities or by individual members of the Massachusetts corporation. So far as the acts of the Massachusetts corporation constitute a breach of contractual relations with the national body, the remedy is at law.

A New York corporation, organized as a national body named a "council" for a philanthropic purpose, which contemplated separate organizations in different localities called "sections of the council" having the same purpose and practically the same constitution and under provisions of their constitutions paying one half of their membership fees to the national body and devoting contributions otherwise received to the purposes of the national body, cannot maintain a suit in equity to enjoin a Massachusetts corporation, organized under R. L. c. 125 with the corporate name "Boston Section of the Council," as such a section of the council from carrying out a vote to withdraw from the national body and from refusing further to pay one half of its membership fees to the plaintiff, and from expending other contributions independently of any action of the plaintiff, where the bill alleges merely that the defendant proposes to announce its severance from the plaintiff and to continue the use of its corporate name, and that it is the purpose of certain of the defendant's officers by holding themselves out as officers of the "Boston Council" "to obtain contributions and receive moneys intended to be devoted to the work of the " plaintiff, there being no allegation of a fraudulent intent on the part of the defendant or that it has received any money in trust for the plaintiff.

A New York corporation, organized as a national body called a "council" for a philanthropic purpose which contemplated separate organizations in different localities called "sections of the council," after it has permitted a Massachusetts corporation to be organized under R. L. c. 125 and to assume as its corporate name the "Boston Section of the Council," cannot maintain a bill in equity under R. L. c. 109, § 8, to enjoin the Massachusetts corporation from continuing the use of its corporate name after it has voted to withdraw from the national body.

BILL IN EQUITY, filed in the Supreme Judicial Court on January 3, 1912, and later amended, in which, as amended, the plaintiff was the Council of Jewish Women, a New York corporation, and the defendants were the Boston Section Council of Jewish Women, a Massachusetts corporation organized under R. L. c. 125, (hereinafter called the defendant,) Esther M. Andrews, its president, and Rose L. Shellenberg, its treasurer.

The allegations of the bill were in substance as follows:

In 1893 an unincorporated association called the Council of Jewish Women was formed for the purpose of creating a closer fellowship and greater unity of thought and purpose through a widespread organization of Jewish women who should unite to carry on the purposes of the association throughout the United States. The plan of organization adopted and carried out was to form local sections of the Council of Jewish Women located in various cities and towns throughout the United States, which should be a part of the Council of Jewish Women. The various sections were to be governed by the constitution of the Council of Jewish Women,

were to support it and were to carry out in co-operation its purposes. In 1909 this unincorporated association was organized as a corporation under the laws of New York, and is the plaintiff. The plaintiff caused to be organized the defendant Boston Section Council of Jewish Women, and in 1911 it was incorporated under the laws of Massachusetts.

The plaintiff adopted and promulgated a constitution, which provided for a single body having local parts or sections, and contained provisions that the local parts were required to recognize the constitution of the plaintiff and to accept and sign it; that the entire work of the local section consisted of the carrying out of the plans of the plaintiff; that one half of the dues paid by the local members should go to the plaintiff; and that a person by becoming a member of a section became a member of the plaintiff.

Attached to the constitution of the plaintiff was a form of constitution provided for the local sections, which the defendant adopted. This constitution contained provisions corresponding to those of the plaintiff. By its provisions, the defendant's members undertook to pay dues, of which one half should go to the plaintiff. The evidence of membership was a ticket furnished by the plaintiff. All the work of the local section was to be done under the supervision of the plaintiff. The officers of the defendant were required to remit one half of the dues to the plaintiff, and to do the various branches of its work under the plans provided by the plaintiff.

The defendant's constitution provided for amendments only in the following way: "Additions may be made to this Constitution according to the needs of the Section, provided they do not conflict with its provisions, and subject to the approval of the President and Executive Secretary of the Council. Such additions or amendments may be made at a general or special meeting by a two-thirds vote of the members present, provided notification of the proposed amendments shall have been given at the meeting immediately preceding, and shall have been sent to each member at least three days before action is to be taken."

The defendant adopted its name to signify to the public and to all persons dealing with it and with its officers and members that it was a part of the plaintiff and its name acquired that meaning throughout the United States. It in that way acquired a facility for doing the work of the organization and a prestige with all

persons dealing with it which was due to the fact that it was a part of the plaintiff, and it in the same way obtained members who contributed to its financial support, and for the same reasons moneys have been subscribed to it.

The plaintiff would be greatly injured in its work and in its finances by the existence of any independent organization doing work under its name, or any similar name, and great confusion would result therefrom and moneys which would otherwise come to the plaintiff would be withheld or be diverted to other organizations, which would injure the plaintiff in its ability to carry out the purposes for which it was organized.

At a special meeting of the members of the defendant, informally called and inadequately attended, it was voted in terms "That the Boston Section Council of Jewish Women withdraw from the national body." The words "national body" referred to the plaintiff.

On information and belief it was alleged in the bill that the officers of the defendant proposed to announce that it had severed its connection with the plaintiff and to continue the use of its name and to receive moneys of members and contributions sent to it, and to expend all such moneys independently of any action by the plaintiff and to refrain from turning over to the plaintiff a portion of the membership fees belonging to the plaintiff under the terms of the constitution of the plaintiff and the defendant, and to keep such moneys and apply them to uses other than those provided by the constitution; that it was the purpose of certain of the officers of the defendant "to continue to represent that they were officers of the Boston Council of Jewish Women, and thereby to obtain contributions and receive moneys intended to be devoted to the work of the " plaintiff, and " to represent themselves in the educational, philanthropic, charitable, and religious work of Jewish women as the representatives of the " plaintiff.

The prayers of the bill were in substance that the defendant, its officers and agents be enjoined from using the name "Boston Section Council of Jewish Women," or any name so similar as to cause confusion, except as a description of a body which is a part of the plaintiff, and from carrying the above described vote into effect in any manner.

The defendants demurred. The demurrer was sustained by

*Braley,* J., and a final decree was entered dismissing the bill. The plaintiff appealed.

*E. F. McClennen,* for the plaintiff.

*Lee M. Friedman,* (*P. Rubenstein* with him,) for the defendants.

SHELDON, J.   The bill as amended is brought only by a New York corporation in its own right.   Accordingly the case must be considered as if the action of the defendant corporation now complained of had been taken with the unanimous consent of all its members and with the observance of all due formalities.   Of such merely corporate action, affecting only the conduct of the corporation within the scope of its chartered powers, other parties cannot complain on the ground of irregularities or other formal defects. *Beecher* v. *Marquette & Pacific Rolling Mill Co.,* 45 Mich. 103. *St. Louis Bank* v. *Grenada Bank,* 83 Miss. 610. *Central Trust Co.* v. *Condon,* 67 Fed. Rep. 84, 104.   This leaves no ground for the maintenance of the bill.

The defendant is a Massachusetts corporation, deriving its franchises and privileges from the laws of this Commonwealth and under obligation to conform to those laws.   It has not been incorporated also under the laws of any other State (see *Attorney General* v. *New York, New Haven, & Hartford Railroad,* 198 Mass. 413, 417); it has no rights and is subject to no liabilities under the laws of any other State.   It could not make itself permanently subordinate to any other authority.   *Hill* v. *Rauhan Aarre,* 200 Mass. 438. *Saltman* v. *Nesson,* 201 Mass. 534, 541.   *Thomas* v. *Railroad Co.* 101 U. S. 71, quoted in *Davis* v. *Old Colony Railroad,* 131 Mass. 258, 269.   *District Grand Lodge* v. *Jedidjah Lodge,* 65 Md. 236. *Lamphere* v. *Grand Lodge of United Workmen,* 47 Mich. 429.

If the defendant has gone beyond the scope of its corporate powers, the remedy must be found in action to be taken by the public authorities or by the individual members of the corporation according to the nature of the case.   Any rights of the plaintiff against the defendant are of a contractual nature, and spring out of a voluntary relation, which can be altered or annulled at the will of either party, subject only to the ordinary remedies available against any one for a breach of contract or the violation of a duty. This is the principle of the decisions in somewhat similar cases. *McFadden* v. *Murphy,* 149 Mass. 341.   *Kane* v. *Shields,* 167 Mass. 392.   *Sabourin* v. *Lippe,* 195 Mass. 470.   *Attorney General* v. *New*

*York, New Haven, & Hartford Railroad,* 197 Mass. 194. *Rudolph v. Southern Beneficial League,* 23 Abb. New Cas. 199. *Kern v. Arbeiter Unterstuetzungs Verein,* 139 Mich. 233. It is the doctrine that runs through the cases from New Jersey that have been cited in argument. *Altmann v. Benz,* 12 C. E. Green, 331. *National Council of Jr. O. U. A. M. v. State Council of Jr. O. U. A. M.* 19 Dick. 470, and 21 Dick. 429. *State Council v. National Council,* 1 Buch. 433.

The averments of the bill do not show that the defendant has received any money in trust for the plaintiff within the rule stated in *National Council v. State Council,* 19 Dick. 470. Nor is any such fraudulent intention averred as was found to exist in *International Committee of Young Women's Christian Associations v. Young Women's Christian Association,* 194 Ill. 194.

The name of the defendant corporation appears to have been assumed without objection from any one. It is now too late to make such objection under R. L. c. 109, § 8, or under any other statutory provision which has been called to our attention. We cannot enjoin it from continuing to use that name.

The decree sustaining the demurrer and dismissing the bill with costs must be modified by adding the costs of the appeal, and so modified must be affirmed.

*So ordered.*