# Heidrick *v.* Pittsburgh, Summerville and Clarion Railroad Co.

*Judgments—Opening judgment—Corporations—President—Advances by president—Confession of judgment in favor of officer.*

Where the president of a corporation advances money to lift certain promissory notes of the company on which he was endorser, and the directors of the company in good faith authorize a confession of judgment in his favor for the amount of the advances, and it appears that the president is the only creditor of the company apart from its mortgage bondholders, the judgment will not be opened at the instance of persons who are neither creditors nor bona fide stockholders of the company; it further appearing that there was no money invested in the stock, and that the company's line of railroad had been leased for a term of years under a lease which required the lessee to pay the interest on the bonds and all other charges and expenses, and out of net income, if any, to pay the indebtedness held by the plaintiff in the judgments.

Argued November 4, 1912. Appeal, No 150, Oct. T., 1912, by Emmet Queen, Intervening Creditor and Stockholder, and John B. Barbour, Intervening Stockholder, in behalf of defendant, from order of C. P Jefferson Co., April T., 1912, No. 90, discharging rules to open judgments in case of Charles F. Heidrick v. The Pittsburgh, Summerville and Clarion Railroad Company. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Rules to open judgments. Before REED, P. J. The opinion of the Supreme Court states the facts.

*Errors assigned* were (1-3) in refusing to open judgments, and (4-10) various findings of fact.

*George E. Reynolds,* with him *C. Z. Gordon,* for appellants.—The present case is one justifying the intervention of stockholders or creditors in behalf of the corporation, as the wrong complained of was committed by the officers of the corporation, and the proceedings are directed against the president of the defendant corporation: Wolf v. Pennsylvania R. R. Co., 195 Pa. 91; Commonwealth Title Ins. & Trust Company v. Seltzer, 227 Pa. 410.

Not only do the judgment and its entry bear the evidence of fraud upon the face thereof, but the entry of judgment against the corporation was irregular and invalid in itself: Bennett v. Haley, 142 Pa. 253.

The corporation being insolvent, and this fact being known to the officers thereof, particularly to the president, the plaintiff, the giving of the present preference to him was an illegal one: Hopkins App., 90 Pa. 69; Sicardi v. Oil Co., 149 Pa. 148.

*A. L. Cole,* with him *Chas. Corbett* and *John C. Arnold,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 6, 1913:

These were applications on the part of Emmet Queen, claiming to be a creditor and stockholder, and John B. Barbour, claiming to be a stockholder, in behalf of the defendant corporation to have opened two judgments entered by the plaintiff on notes containing a warrant of attorney authorizing the entry of the judgments. The allegations of the petitions, attacking the validity of the judgments, were severally denied in the answers. The applications were heard on the petitions, answers and the testimony taken in the cases. The learned court below declined to open the judgments, and dismissed the applications at the cost of petitioners.

Of the ten assignments seven allege error in findings of fact, and the other three allege that the court erred in discharging the rule and in not opening the judg-

ments and letting the defendant into a defense. An examination of the testimony, which was principally that of the plaintiff called for cross-examination, does not convince us that the learned court committed such error in his findings of fact as would warrant us in setting them aside. We do not find that the facts, material to a decision of the controversy, are seriously denied by the appellants. It would have been better possibly, as suggested by counsel for the appellants, if the learned judge had been more specific and methodical in his findings of fact, yet we think the findings are sufficiently clear and specific for a disposition of the case here.

The two notes were executed and delivered to the plaintiff by authority and action of the board of directors of the defendant corporation. One note was for $25,000, and while it is contended by the appellants that it was without consideration, yet there is not a particle of testimony to support the contention; on the other hand, it is clear from the pleadings and the testimony in the case that it was given for money which the plaintiff advanced to lift five certain promissory notes of the defendant company, each for $5,000, on which he was endorser. The defendant could not meet the obligations as they became due, and the plaintiff as an endorser being individually liable thereon paid them to the several banks by which they were held. This note was given to reimburse the plaintiff for the sum thus expended for the defendant corporation.

The other note is for $31,500 and was given the plaintiff in payment of six years' salary at $5,000 per annum alleged to be due him as president of the defendant corporation, and for $1,500 for a car which the plaintiff sold to the defendant. The appellants deny the right to recover on this note because the plaintiff is not entitled to compensation for his services as president of the corporation. There is no denial that he performed the services nor that they were worth the amount claimed, but the appellants contend that there was no contract

to pay for his services and, hence, he cannot recover compensation for them. This claim, however, is eliminated from consideration here, as the learned court opened the judgment and permitted a defense to the extent of the amount claimed for services.

The appellants contend that the judgments are fraudulent, that the plaintiff has not met the burden of establishing the validity of his claim against the corporation, and that the corporation was insolvent and the preference given the plaintiff was therefore illegal. In view of the findings of fact by the learned court, not open to controversy under the pleadings and evidence, these questions might be disposed of by saying that Queen and Barbour have no standing to raise them. In the petitions to open the judgments, Queen averred that he was a creditor and a stockholder of the defendant, but this was met in the answer by a denial that he was a creditor and the averment that, if the owner of stock, it was donated to him, and that he is neither a creditor nor a bona fide stockholder for value. It is not claimed that Barbour, the other appellant, is a creditor of the company, and it is denied that he is a bona fide stockholder for value. But conceding their right to attack the validity of the judgments there was no merit in the applications. It appears from the pleadings and the evidence, and is so found by the court, that there are no creditors of the defendant except the plaintiff and the first mortgage bondholders. The plaintiff has paid all the indebtedness of the defendant which includes his personal claims against the corporation. It is distinctly found that there was no money invested in the stock and that it is valueless except as the defendant's road may be made to earn more than enough to pay operating expenses and fixed charges, which it has never succeeded in doing in the seven or eight years of its existence. The road has been let for a term of twenty-five years subject to the right of the lessee to terminate the lease in December, 1913. The lease requires the lessee to pay the

interest on the bonds and all other charges and operating expenses, and provides for applying a certain percentage of the balance of the net income, if there be any derived from operating the road, to the payment of the indebtedness which is held by the plaintiff in these judgments. As yet there has been no net income from operating the road by the lessee. The learned court found that the lease was advantageous to the bondholders and that there should be no occasion given to the lessee to exercise its option to terminate the lease before the expiration of the twenty-five years. It is clear, as suggested by the court, that the bondholders are the only persons needing protection, and it is quite apparent that their interests will be subserved by the continuance of the lease. The learned judge was, therefore, right in keeping this fact in view in disposing of the applications before him.

There were no legal or equitable grounds for opening the $25,000 judgment or disturbing the other judgment to the extent of the $1,500 on the applications made by Queen and Barbour. As suggested above, the moneys for which these judgments were given were advanced by the plaintiff in good faith and the defendant corporation received the full benefit. There was nothing illegal or fraudulent in the action of the board of directors in giving the judgment notes in payment of the sums due the plaintiff. Conceding the corporation to have been insolvent and the officers to have known the fact, these appellants have no right to attack the validity of the judgments given the plaintiff by the corporation as the plaintiff was the only creditor of the company outside the first mortgage bondholders and the appellants were neither creditors nor bona fide stockholders of the corporation. Neither Queen nor Barbour was a creditor, and the only person to be affected by the action of the directors in giving the notes was the plaintiff himself who was the sole creditor. The rule invoked, therefore, by the appellants that the directors may not prefer the officers of a corporation as against other creditors has

no application to the facts of this case. The appellants persistently claim throughout their elaborate argument that the act of the officers in giving these notes was fraudulent, but they are sustained in this claim neither by the facts disclosed by the pleadings, the testimony in the case, nor the findings of the trial judge. The contention, therefore, is without merit and very properly was not permitted to aid the appellants in their attack upon the validity of the judgments. Notwithstanding the insolvency of the company, it appeared that the plaintiff had advanced money in good faith to the corporation which had received and used it in its business, and, therefore, the board of directors was justified in executing and delivering the notes to him as the only creditor of the corporation.

The legality and the propriety of the plaintiff's counsel, who was also secretary of the corporation, appearing for the defendant and confessing judgment against him is not before us and we express no opinion upon it. This was not an application to strike off the judgment by reason of the conduct of the plaintiff's attorney in also appearing for the defendant corporation, but to open the judgments and let the defendant into a defense on the merits of the claim. Under the pleadings, therefore, we are not required to pass upon the question suggested in the appellants' argument.

The orders of the court discharging the rules to open the judgments and let the defendant into a defense in the two cases are affirmed.