## McCrudden v. Forte

*David H. Rosenbluth,* for plaintiff.
*Allen Gray Clark,* for defendant.

CRUMLISH, J., November 27, 1942.—This is plaintiff's rule for judgment on the pleadings. It was agreed by stipulation of counsel that plaintiff's rule for judgment on the pleadings be considered on defendant's supplemental plea, answer, and abstract of title.

Plaintiff is entitled to judgment; we see nothing of merit in any of the defenses.

There are no facts in dispute so far as the pleadings indicate. They show legal title to premises 3434 Midvale Avenue, Philadelphia, in the plaintiff, prima facie entitling her to recover. The common source of title to the land in dispute is the Town and Suburban Realty Company, hereinafter called Realty Company. Plaintiff's deed from the Realty Company, executed December 31, 1941, was duly recorded. Defendant is admittedly in possession of the land.

The defenses to the amended declaration are:

1. Defendant was given the premises under an oral agreement with the president of the Realty Company, as compensation for extra services rendered as secretary of the Realty Company. The president, it is averred, "stated that he would give a deed for the premises to the defendant when the assets of the corporation were divided, and confirmed in writing". The alleged confirmatory writing is as follows: "Miss Forte: A deed to your Midvale Avenue property will be given you subject to the reduced mortgage when the assets of the corporation are divided. (sgd) M. J. McCrudden." After certain repairs, paid for by the Realty Company, defendant went into possession and has continued in possession since, and "expended divers sums of money during the years 1939 and 1940 making alterations, improvements, and repairs to said prem-

ises, for which damages would not compensate her". She also paid "various sums to the corporation to be applied to taxes on the premises". In line with this same defense, it is averred:

(*a*) The Realty Company made payments in reduction of a mortgage indebtedness on the premises "to enable the defendant to maintain the property at minimum costs";

(*b*) A check signed by the president in one such payment, on November 21, 1941, contained a notation that defendant was the owner of the premises, in the following language: "M—13678—3434 Midvale Ave. To reduce principal of Mtge. on above property to 3200.— . . . 447.46. Elizabeth B. Forte owner"; and

(*c*) The president of the Realty Company told defendant the property should not be recorded in her name until her liability under certain mortgage extension agreements had terminated.

2. Plaintiff's deed is invalid because the alleged officers of the Realty Company had no authority to convey the property.

In considering defendant's answer, we give her the benefit of her averments.

The first defense is without merit. Defendant avers and thereby offers to prove a prior parol gift, forbidden by the Statute of Frauds of March 21, 1772, 1 Sm. L. 389, sec. 1, 33 PS §1; see Rader v. Keiper, 285 Pa. 579, 585 et seq. (1926). While the statute requires no particular form, nevertheless the memorandum should disclose: (*a*) the interest of the parties; (*b*) the terms of the sale; (*c*) a definite enough description to identify the land; and (*d*) the consideration or price to be paid: Ladner on Conveyancing in Pennsylvania (2nd and revised ed.) 80, sec. 44; Nicholson on Real Estate (2nd ed.), 180, sec. 143. In the recognition of these requirements, the defense fails. The writing signed by Mr. McCrudden not only contains too vague and indefinite a description of the property, but also, the

consideration (past services) is not mentioned. Nor are the statute requirements any better satisfied by the check noting defendant as owner. It contains no identification of the transferor: see Bushong on Pennsylvania Land Law, 379, 380, sec. 412, VIII (d), cf. Phillips et al. v. Swank, 120 Pa. 76 (1888). Although it sufficiently describes the property, by no stretch of construction does it refer to either a contract of sale or gift: cf. Stockdale v. Sellers, 102 Pa. Superior Ct. 447 (1931) (the check, *given by vendee for the purchase money*, was held insufficient). In the words of that case, the "alleged agreement" is not "evidenced" by the check herein relied upon. See also Manufacturers Light & Heat Co. v. Lamp et al., 269 Pa. 517, 520 (1921); Nicholson on Real Estate (2nd ed.), supra.

Nor does the extremely vague averment of improvements take the case out of the statute. To take a case out of the statute of frauds by showing improvements, it must be shown they are permanent and of a nature which will add value to the land, that they cannot be compensated for in damages, and that they are of a kind for which an occupant cannot be reimbursed through profits derived from the land: See Rader v. Keiper, supra, p. 585 et seq. Defendant's answer, while averring "damages would not compensate her", is void of any allegation of fact in substantiation thereof. Clearly, defendant comes within no exception to the statute of frauds, and therefore, at most, we have here an intended gift which failed for lack of delivery of a deed: See Allshouse's Estate, 304 Pa. 481, 486, 489 (1931). And in this view of the case, it is unnecessary to consider the propriety of the action of Realty Company's president in attempting to perfect the gift to defendant.

We find no quality in the remaining defense—that plaintiff's deed is invalid because the alleged officers, conveying the property, were elected at an unauthorized stockholders' meeting. It is settled that the legal-

ity of action taken at a stockholders' meeting is not open to collateral attack by third persons on any ground of informality or irregularity in the meeting: Council of Jewish Women v. Boston Section, 212 Mass. 219, 98 N. E. 862 (1912) ; Beecher v. Marquette & Pacific Rolling Mill Co., 45 Mich. 103, 7 N. W. 695 (1881) ; annotation, 51 A. L. R. 941; 13 Am. Jur. 524, §484; Heidrick v. Pittsburgh, Summerville and Clarion R. R. Co., 239 Pa. 29 (1913). Defendant's answer contains no averment that she is either a stockholder or a creditor; she is without standing to attack the action of the officers in conveying the property, by deed, to plaintiff.

Accordingly, for the foregoing reasons, we enter the following

*Order*

And now, November 27, 1942, the rule is made absolute, and judgment upon the pleadings is hereby entered in favor of plaintiff for the land described in the writ and declaration.