119 So.2d 74 (1960)
ABBEY PROPERTIES Co., Inc., a Florida Corporation, Appellant,
v.
PRESIDENTIAL INSURANCE COMPANY, a Stock Company, Chartered under the Laws of the State of Florida, Appellee.
No. 1505.
District Court of Appeal of Florida. Second District.
March 16, 1960.
*75 Stephen L. Ruskin, Miami, for appellant.
Elwyn L. Middleton; Burns, Middleton, Rogers & Farrell, Palm Beach, for appellee.
ALLEN, Chief Judge.
This is an appeal by plaintiff-appellant from an order denying plaintiff's petition for specific performance relating to the sale of corporate stock and the granting of summary final decree for the defendant appellee.
The plaintiff filed a complaint on March 12, 1959, setting forth that on January 20, 1959, the plaintiff submitted to the board of directors of defendant corporation a proposal for the exchange of capital stock between plaintiff and defendant, the end result of which was to make $75,000 available *76 to defendant corporation to meet certain capital requirements of the state insurance commission.
The plaintiff alleged that on January 21, 1959, the defendant notified plaintiff that the defendant board of directors accepted the proposal subject to it being approved at a stockholders' meeting to be called especially for that purpose on February 21, 1959. The president and the secretary of defendant corporation then solicited proxies which provided:
"This proxy is given with the express understanding that the attorneys above named shall vote for the approval and acceptance of the proposal of Abbey Properties Co., Inc., dated January 20, 1959."
At the defendant-stockholders' meeting on February 21, 1959, a stockholder, Karlinsky, moved to qualify the acceptance of the plaintiff's proposal by (1) requiring the plaintiff to place in escrow $75,000 cash or satisfactory securities by March 11, 1959, and (2) have the plaintiff obtain the written approval of the Insurance Commissioner to this proposed merger. These motions were passed by the stockholders including the vote of the proxies held by the president and the secretary of the defendant mentioned above. The plaintiff contended in its complaint that these motions were out of order and should be considered a nullity; that plaintiff subsequently made numerous demands on the defendant to carry out the stock merger but defendant had refused to do so; and that therefore the plaintiff demanded specific performance of the agreement and an order restraining the defendant from entering any other agreement that would place its stock out of reach of plaintiff.
The defendant filed its answer denying that the agreement was binding on defendant because plaintiff had failed to perform the qualifying conditions precedent. The lower court then entered a temporary restraining order prohibiting the defendant from taking any action which would put the defendant's stock beyond the reach of the contract between plaintiff and defendant.
On May 28, 1959, the defendant moved for summary judgment alleging that there was no issue of a material fact and that plaintiff, having failed to comply with the two conditions precedent, the defendant was entitled to judgment as a matter of law. The plaintiff opposed this motion asserting that the defendant was supporting its motion with matters that occurred after the date of the alleged agreement between plaintiff and defendant. The court then on June 22, 1959, entered the summary decree for the defendant on the ground that plaintiff had failed to perform the conditions precedent. On July 21, 1959, the court denied plaintiff's petition for rehearing and this appeal was taken by plaintiff.
Between the time plaintiff made its original proposal to defendant on January 20, 1959, and the defendant stockholders' meeting of February 21, 1959, a letter was received from the Insurance Commissioner notifying defendant that unless the defendant improved its financial condition by March 1, 1959, defendant would be placed under receivership.
At the defendant stockholders' meeting of February 21, 1959, in addition to Karlinsky's motions, supra, a Mr. Heilbron, an authorized agent of plaintiff corporation, agreed by motion to secure the withdrawal of the Insurance Commissioner's letter threatening receivership. Thus, the defendant contends that the acceptance was conditioned upon the two motions by Karlinsky and the promise of plaintiff's agent Heilbron.
It appears that Commissioner Larson had notified defendant that it would take $75,000 immediately to put defendant's assets in satisfactory condition. This fact was known to plaintiff and to defendant's stockholders at the time of the meeting. This explains why Karlinsky submitted the motions requiring plaintiff to put $75,000 in *77 escrow and also obtaining Mr. Larson's approval of the merger.
On February 24, 1959, three days after plaintiff's proposal to defendant, Mr. Larson notified the plaintiff that the proposal was unsatisfactory unless $75,000 was made available immediately to the defendant. It appears that plaintiff has not at anytime advanced this money nor obtained the approval of Mr. Larson to the merger.
The second defendant-stockholders' meeting on May 16, 1959, which was the subject of plaintiff's motion to restrain the holding of such meeting, resulted in the defendant-stockholders rescinding the agreement with plaintiff and accepting a proposal from Cars Rental, Inc. Cars Rental, Inc., advanced $60,000 to the defendant and thus enabled defendant to stay out of receivership.
The lower court, in its summary decree, found that plaintiff's proposal was accepted by defendant "subject to conditions which plaintiff has never met," and therefore defendant was entitled to judgment as a matter of law.
The plaintiff contends before this court that the Karlinsky motions were out of order and should not have been considered; that the president and secretary of defendant corporation, in voting in favor of the Karlinsky motions, violated the terms of their proxies; that the qualifying conditions precedent to the defendant's acceptance of plaintiff's proposal, as set forth in the Karlinsky motions, were therefore void and not binding on plaintiff; and consequently the summary decree denying plaintiff specific performance should be reversed. Inasmuch as these contentions are all based on alleged irregularities of the stockholders' meeting, we must first determine whether plaintiff has a standing to collaterally attack the stockholders' actions.
The plaintiff cites Robert's Rules of Order, Revised 75th Anniv. Ed., Sec. 11, as the binding procedure to be followed by any and all corporations while conducting a stockholders' meeting. This contention cannot be sustained. Unless otherwise provided by its certificate of incorporation or by law, every corporation has the power to adopt, change, amend and repeal by-laws relating to the regulation of business and to the conduct of the affairs of the corporation. Sec. 608.13(5), Florida Statutes, F.S.A.; 7 Fla.Jur., Corporations, sec. 62. In addition to this liberal power to amend regulations relating to procedure to be followed at stockholders' meetings, it has been held that in the absence of evidence to the contrary, it will be presumed that the meeting was held in accordance with the statutes, charter, and by-laws. Gentry-Futch Co. v. Gentry, 90 Fla. 595, 106 So. 473. We accordingly hold that plaintiff has failed to show facts sufficient to sustain the allegation that the procedure followed at defendant's stockholder meeting of February 21, 1959, was invalid or improper. Although we can find no Florida decision on this precise point, it is noted that in Annotation 51 A.L.R. 941, at page 943, the text writer states:
"* * * Third persons cannot complain of corporate actions taken at a stockholders' meeting, affecting only the conduct of the corporation within the scope of its charter powers, on the ground of irregularities or other formal defects in the meeting. Council of Jewish Women v. Boston Section, C.J.W., (1912) 212 Mass. 219, 98 N.E. 862; Beecher v. Marquette & P. Rolling Mill Co. (1881) 45 Mich. 103, 7 N.W. 695. * * *"
The above principle negating the right of plaintiff to contest the validity of the procedure followed at the defendant stockholders' meeting would appear to also apply to the contention that the president and secretary of defendant corporation violated the terms of their proxies. A proxy is the grant of authority by a shareholder to someone else to vote the former's shares. 13 Am.Jur. Corporations, sec. 496. Any stockholder of record having the right *78 and entitled to vote may be represented and vote by a proxy appointed by an instrument in writing. Sec. 608.10(5), Florida Statutes, F.S.A. The relationship created by a proxy is one of principal and agent and is subject to the duties and liabilities of agency in general. Hornstein, Corporation Law and Practice, sec. 321. Consequently, a proxy may not vote in favor of resolutions which benefit himself at the expense of or against the principal's interest. Asher v. Ruppa, 7 Cir., 1949, 173 F.2d 10. Thus if the proxies were improperly voted, or if they exceeded their authority, the proper parties to complain are the stockholders who gave the proxies. The stockholders may repudiate the acts of a proxyholder which were in excess of their authority, if timely made, and likewise, the stockholders may elect to ratify such acts. A vote cast at a meeting of the stockholders under such circumstances will be deemed ratified by any subsequent conduct of the stockholder inconsistent with an intention to repudiate it. Hoene v. Pollack, 118 Ala. 617, 24 So. 349. It has also been stated that a proxyholder's vote in support of unlisted extraordinary action would be sustained where it was beneficial to the corporation's immediate financial needs. See Tilden v. Quaker Oats Co., 7 Cir., 1924, 1 F.2d 160.
In the instant case the acts complained of were committed at the meeting of February 21, 1959, in voting in favor of the Karlinsky amendment to the motion of acceptance of plaintiff's offer. Any objections to such acts were cured by the affirmative action at the defendant stockholders' meeting of May 16, 1959, in adopting the resolution rescinding and cancelling the agreement with plaintiff. Since the stockholders who had given the proxies could not now question the actions of their proxyholders, neither can plaintiff now complain of these acts. The plaintiff is not in privity with any stockholder of defendant corporation and therefore has no standing to complain of the manner in which the proxies were voted. In addition, we again point out that the subject meeting of February 21, 1959, was attended by Mr. Heilbron, who was present in the capacity of a duly authorized agent of the plaintiff. When the Karlinsky motions were made, Heilbron objected at first but later withdrew the objection, thus lending support to the finding of the lower court that the plaintiff's proposal was accepted subject to the qualifying conditions as set forth in the Karlinsky motions.
After a careful review of the testimony and proceedings had in the lower court, we are of the opinion that for the reasons assigned herein the judgment of the lower court should be affirmed.
Affirmed.
SHANNON, J., and SANDLER, HARRY N., Associate Judge, concur.